**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY OF GAINESVILLE, INC., | : | |
| Plaintiff, | : | Civil Case No.:2:26-cv-06072-GAM |
| v. | : | |
| KRSM INC. AND SYED KAZMI, | : | |
| Defendant. | : | |

**<u>SECOND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

Plaintiff, Mansfield Oil Company of Gainesville, Inc. ("Mansfield"), through its attorneys, **HARRITON & FURRER, LLP,** hereby moves this Honorable Court for a Second Order granting Plaintiff an additional Preliminary Injunction against Defendants, KRSM Inc. and Syed Kazmi, and in support thereof states as follows:

1. Plaintiff Mansfield Oil Company of Gainesville, Inc. ("Mansfield") repeats the factual allegations from its August 19, 2022 Emergency Motion for Temporary Restraining Order and Preliminary Injunction. PACER Document 2.

2. On August 20, 2026, this Court issued a Temporary Restraining Order and ordered that Defendants be temporarily enjoined and restrained from transferring, encumbering, dissipating, or otherwise disposing of any assets in the aforementioned account.

3. Plaintiff had knowledge of this account due to an EFT authorization form previously provided to Plaintiff by the Defendants, attached hereto as **Exhibit A**.

4. Upon serving the Temporary Restraining Order on the Defendants' bank, the undersigned spoke with counsel for M&T Bank and learned that the account was owned by one or

more different business entities though Defendant Syed Kazmi is a signer to that account, either "Universal Property Services, Inc." or "Universal Group Company, Inc.," both of which were named in a Complaint brought by Petroleum Marketing Group, Inc. in the United States District Court for the District of New Jersey, Case 3:23-cv-22418.

5. As a result of the information received from M&T Bank, Plaintiff understands that there are additional accounts with M&T Bank owned or controlled by one or more of the Defendants.

6. Upon information and belief, Defendants are actively attempting to hide, dissipate, encumber, or fraudulently transfer assets subject to potential execution, specifically funds held in one or more bank accounts held at M&T Bank controlled or partially controlled by Defendant Syed Kazmi.

7. Unless Defendants' associated accounts are frozen prior to judgment, any judgment ultimately obtained by Plaintiff will be rendered meaningless due to Defendants' intentional depletion of assets.

8. A further Temporary Restraining Order prohibiting Defendants from transferring any money from Defendants' bank accounts and a Preliminary Injunction freezing Defendants' bank accounts would serve to maintain the status quo, ensuring that funds wrongfully retained by Defendants are available for payment of the product ordered by Defendants and received from Plaintiff.

9. Due to the general liquid nature of funds held in any specific bank account, Plaintiff makes this request for a Temporary Restraining Order and Preliminary Injunction to be granted, and a hearing scheduled, without notice to Defendants, pursuant to Fed. R. Civ. P. 65(b)(1): "Issuing Without notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified

complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

10. The ease of which Defendants could move funds from these accounts, if it receives advance notice of the motion, would constitute an immediate injury to Plaintiff's ability to collect on a subsequent judgment.

11. To the extent that this Honorable Court deems it necessary, Plaintiff is prepared to post an additional bond in an amount set by the Court to protect Defendants against any damages in the event the preliminary injunction is ultimately found to be wrongful.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

(a) Grant this Motion for an additional Temporary Restraining Order and Preliminary Injunction;
(b) Issue an Order to Show Cause scheduling a prompt hearing on this matter;
(c) Directing M&T Bank to immediately freeze all accounts associated with Defendants at M&T Bank; and
(d) Grant such other and further relief as the Court deems just and proper.

Dated: Danbury, Connecticut
August 24, 2026

Yours, etc.

**HARRITON & FURRER, LLP**
/s/ Urs Broderick Furrer
**URS BRODERICK FURRER, ESQ.**
Attorneys for Plaintiff
83 Wooster Heights Road, Suite 125
Danbury, Connecticut 06810
(914) 730-3400
(914) 730-3405 Facsimile
UBFurrer@HFLawLLP.com
PA Bar # 312832
Federal Bar # UBF9433

New York Office – By Appointment Only
1 Manhatanville Road
Building 1, Suite 104
Purchase, New York 10577

# EXHIBIT A

MANSFIELD OIL COMPANY OF GAINESVILLE, INC.

# ELECTRONIC FUNDS TRANSFER (EFT) AUTHORIZATION AGREEMENT

| | |
|---|---|
| KRSM INC | |
| Customer Name | Mansfield Customer Account Number |
| 1601 Princeton ave | accountin@upssites.com |
| Street | Customer E-mail Address |
| 6 lenn road | |
| P.O. Box | Customer Fax Number |
| Lawrenceville NJ 08648 | |
| City State Zip | |

KRSM INC ("Customer") does hereby authorize Mansfield Oil Company of Gainesville, Inc. (Mansfield") to initiate debit and/or credit entries to Customer's checking account indicated below and does further authorize the depository institution (Bank) named below to debit and/or credit such entries to the customer's account.

Bank Name M&T Bank
Bank Address 1817 Street rd
Bank Routing Number [redacted]
Customer Bank Account Number [redacted]
Bank Contact Person Kiara
Bank Telephone Number 215-639-0750

This authorization shall remain in effect until terminated upon thirty (30) days' prior written notice by either Customer or Mansfield to such other party and to the above-named Bank. Notice of termination shall in no way affect debit and/or credit entries initiated prior to actual receipt of notice. This EFT program can be terminated by Mansfield at any time.

The amount authorized to be drawn on said checking account by Mansfield shall be the amount of all unpaid invoices of Mansfield for motor fuel and other petroleum products delivered by Mansfield to customer from time to time.

Customer further agrees to maintain its checking account with sufficient sums therein to cover the payments herein authorized.

Customer agrees that the Bank's rights regarding each such EFT shall be the same as if it were a check drawn on it and signed personally by the customer or by any of customer's officers or other authorized persons. Customer agrees that Bank shall be fully protected in honoring all such electronic fund transfers.

All credit and other terms and requirements between Customer and Mansfield shall be unaffected hereby:

CUSTOMER AUTHORIZATION

| | | |
|---|---|---|
| | President | 1-25-2022 |
| Authorized Signature of Customer exactly as it appears on Bank Records | Title | Date |
| President | 1-25-2022 | |
| Signature (if needed) Title | Date | Authorized |

Please complete this form and return the original to Mansfield's billing office. The copy should be retained for Customer's records.

Upon receipt of this fully executed EFT Authorization Agreement, customer will be informed by letter of the effective date that drafts will begin against the account. All charges and credits to customer's account prior to the EFT date must be paid by check.

***** ATTACH COPY OF VOIDED BLANK CUSTOMER CHECK *****

Wholesale Marketing Representative: Zach Harrell