**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MANSFIELD OIL COMPANY
OF GAINESVILLE, INC.,

Plaintiff, Civil Action No. 2:26-cv-06072-GAM

v.

KRSM INC. and SYED KAZMI,

Defendants.

**DEFENDANTS' CROSS-MOTION TO DISSOLVE THE EX PARTE TEMPORARY RESTRAINING ORDER UNDER FED. R. CIV. P. 65(b)(4)**

Defendants KRSM Inc. and Syed Kazmi respectfully move under Fed. R. Civ. P. 65(b)(4) to dissolve the Temporary Restraining Order entered August 20, 2026 at ECF No. 10, for the reasons set out in their accompanying memorandum of law, which also serves as their response to Plaintiff's motion for a preliminary injunction under paragraph 5 of the Order. In brief:

1. This Court lacks the power to freeze a defendant's general assets to secure a money judgment in an action at law in which the plaintiff claims no lien and no equitable interest in the restrained property. Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 333 (1999); Novatek Corp. v. Mallet, 324 F. Supp. 3d 560, 566-67 (E.D. Pa. 2018) (Bartle, J.). No bond cures that defect.

2. The Order issued without any sworn support. The Complaint is captioned "Verified," but its verification page is unsworn, lacks the penalty-of-perjury declaration 28 U.S.C. § 1746 requires, and never states that the allegations are true. The "Affidavit" supporting the motion has no jurat, no notarization, and no statement under penalty of perjury, so it is sworn to by no one. And Plaintiff's attorney filed no written certification of any effort to

give Defendants notice, which Rule 65(b)(1)(B) requires before a court may act on one side's papers alone.

3. The application also did not present material facts Plaintiff already possessed: two days before suit, Defendants' counsel had served Plaintiff's in-house counsel with a written objection to every invoice and to the sum demanded, yet the Complaint alleges KRSM "did not make any objections."

4. Plaintiff invoked the restraint against M&T Bank before giving the security the Order required "immediately": by its counsel's own written account, on August 20; by its filed proof of service, at 9:11 a.m. on August 21. On either version, the security remained unposted through at least 3:34 p.m. on August 21, by the Clerk's Fiscal Department's written confirmation, and the bond at ECF No. 12 was docketed thereafter. Defendants preserve all rights and remedies respecting the unsecured interval.

5. Plaintiff offered no evidence of dissipation at all. The entire basis for freezing an operating company's bank account is a single sentence, written by Plaintiff's lawyer on "information and belief," supported by no document, no transaction, no date, no amount, no transferee and no witness. An unsworn line in a brief is not the "specific facts" Rule 65(b)(1)(A) demands, and it is not evidence of anything.

6. Plaintiff's filings of August 24 confirm the pattern and add a further defect. Its second emergency motion (ECF No. 16) asks, again "without notice to Defendants" and again without a sworn fact, that every account "associated with" Defendants be frozen, resting on an unsworn attorney account of a telephone call with an unnamed bank representative (ECF No. 21). And in those filings Plaintiff tells the Court that the account restrained by the existing Order is in the name of a non-party entity. Whatever the bank's records ultimately show, on Plaintiff's own submission the existing Order restrains the property of a separate non-party. Rule 65(d)(2) identifies who may be bound by an injunction; it creates no

substantive interest in a non-party's assets, and Plaintiff identifies neither a traced equitable interest in those assets nor any fact suggesting active concert or participation.

7. Defendants do not consent to any extension of the Order under Rule 65(b)(2), and under Rule 65(b)(3) Plaintiff must proceed with its motion at the hearing or the Order must be dissolved. Defendants preserve all objections under Rules 12(b)(4) and 12(b)(5), and all defenses, setoffs, recoupments and counterclaims.

Rule 65(b)(4) directs the Court to hear and decide this motion "as promptly as justice requires." Defendants respectfully request that it be heard at or before the hearing scheduled for August 27, 2026, and are available for a telephone conference at the Court's convenience. A proposed order is submitted herewith.

Dated: August 25, 2026

Respectfully submitted,

**/s/ George S. Gossett, Jr.**
George S. Gossett, Jr., Esquire
Pa. Bar No. 82983
LAW OFFICE OF GEORGE GOSSETT, JR.
408 Green Lane, Suite 201
Philadelphia, Pennsylvania 19128
(267) 846-8963
legal@upssites.com

Counsel for Defendants KRSM Inc.
and Syed Kazmi

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MANSFIELD OIL COMPANY
OF GAINESVILLE, INC.,

Plaintiff,

Civil Action No. 2:26-cv-06072-GAM

v.

KRSM INC. and SYED KAZMI,

Defendants.

**[PROPOSED] ORDER**

AND NOW, this ______ day of ________________, 2026, upon consideration of Plaintiff's Motion for a Preliminary Injunction, Defendants' opposition thereto and Cross-Motion to Dissolve the Temporary Restraining Order, and after hearing, it is hereby ORDERED as follows:

1. Plaintiff's Motion for a Preliminary Injunction is DENIED.

2. Defendants' Cross-Motion to Dissolve is GRANTED. The Temporary Restraining Order entered August 20, 2026 at ECF No. 10 is DISSOLVED in its entirety.

3. M&T Bank shall immediately remove every freeze, hold and restriction imposed on the M&T Bank account ending in 7805 identified in paragraph 7 of the dissolved Order, and shall restore full, ordinary functionality to that account. Counsel for Plaintiff shall immediately transmit a copy of this Order to M&T Bank and shall promptly file a certification stating the date, time and manner of that transmission.

4. The security posted at ECF No. 12 shall remain in full force and effect and shall not be released, discharged, exonerated, cancelled or reduced absent further Order of this Court.

The temporal scope and coverage of that security, and Defendants' rights under Fed. R. Civ. P. 65(c) and 65.1 concerning the period preceding its posting, are expressly reserved.

5. Nothing in this Order shall be construed to waive Defendants' objections under Rules 12(b)(4) and 12(b)(5), or Defendants' rights under Rules 65(c) and 65.1 concerning the security posted at ECF No. 12 and the period preceding its posting.

BY THE COURT:

________________________________

Gerald A. McHugh, Jr., J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MANSFIELD OIL COMPANY
OF GAINESVILLE, INC.,

Plaintiff,

Civil Action No. 2:26-cv-06072-GAM

v.

KRSM INC. and SYED KAZMI,

Defendants.

**CERTIFICATE OF SERVICE**

I certify that on the date set forth below I caused a true and correct copy of the foregoing Cross-Motion to Dissolve the Temporary Restraining Order and Memorandum in Opposition, together with the proposed order and all supporting papers, to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and to be served by electronic mail upon:

Urs Broderick Furrer, Esquire
HARRITON & FURRER, LLP
83 Wooster Heights Road, Suite 125
Danbury, Connecticut 06810
UBFurrer@HFLawLLP.com
Attorneys for Plaintiff

Dated: August 25, 2026

Respectfully submitted,

**/s/ George S. Gossett, Jr.**
George S. Gossett, Jr., Esquire
Pa. Bar No. 82983
LAW OFFICE OF GEORGE GOSSETT, JR.

408 Green Lane, Suite 201
Philadelphia, Pennsylvania 19128
(267) 846-8963
legal@upssites.com

Counsel for Defendants KRSM Inc.
and Syed Kazmi