**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MANSFIELD OIL COMPANY
OF GAINESVILLE, INC.,

Plaintiff,

Civil Action No. 2:26-cv-06072-GAM

v.

KRSM INC. and SYED KAZMI,

Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendants KRSM Inc. and Syed Kazmi respectfully oppose Plaintiff's Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 16) and state as follows. Defendants incorporate by reference their memorandum of law in opposition to Plaintiff's pending motion for a preliminary injunction and in support of their cross-motion to dissolve the Temporary Restraining Order, filed this day.

1. The second motion fails for the same threshold reason as the first, and more plainly. A federal court has no equitable power to freeze a defendant's general assets before judgment to secure a claim for money by an unsecured creditor. Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 333 (1999); Novatek Corp. v. Mallet, 324 F. Supp. 3d 560, 566-67 (E.D. Pa. 2018) (Bartle, J.). The second motion seeks a broader freeze on a thinner record; it does not address Grupo Mexicano at all.

2. The motion asks to be granted "without notice to Defendants." ECF No. 16 ¶ 9. Defendants have appeared and are represented, and Plaintiff's counsel has been serving papers on Defendants' counsel by email since August 21 by his own filed affirmation. ECF No. 17.

The motion contains no certification of any effort to give notice, as Rule 65(b)(1)(B) requires. A second request for no-notice relief, made three days before a hearing this Court has already scheduled and one day before Defendants' court-ordered response, should be denied on that ground alone.

3. The motion is supported by no evidence. Its dissipation allegation is made "[u]pon information and belief." ECF No. 16 ¶ 6. Its factual support is a document styled "Affidavit of Urs Broderick Furrer" (ECF No. 21) that is captioned in the Court of Common Pleas of Delaware County, bears no jurat, no notarization and no declaration under 28 U.S.C. § 1746, and recounts a telephone call with an M&T Bank representative whose name counsel "was unable to get." Id. ¶ 3. That document also describes a 2023 District of New Jersey action, No. 3:23-cv-22418, while attaching a 2021 complaint bearing this District's docket number, No. 2:21-cv-04711, filed by a different supplier against different defendants; Syed Kazmi is not a defendant in the complaint attached. Allegations in another case are not evidence in this one.

4. The relief sought reaches the property of persons and entities that are not parties to this action, have not been served, and have had no opportunity to be heard. Rule 65(d)(2) identifies the persons who may be bound by an otherwise valid injunction; it creates no substantive interest in the assets of strangers to the litigation, and Plaintiff identifies neither a traced equitable interest in any such assets nor any fact suggesting that any non-party is acting in active concert or participation with Defendants to evade an order. Defendants do not purport to speak for any non-party and take no position on their behalf; they note only that no such relief may issue without notice to those persons and an opportunity for them to be heard.

5. Plaintiff's own authority defeats its own request. The passage of GridKor, LLC v. Gorbach that Plaintiff quotes, ECF No. 21 ¶ 15, approved a freeze supported by a cognizable equitable claim, a demonstrated nexus to a specific identified sum, and an exception for

assets "needed for the Defendants' ordinary course of business or for ordinary uses to pay household expenses." Plaintiff has none of the three: no equitable interest, no traced sum, and it seeks an unbounded freeze of "all accounts associated with Defendants" with no exception of any kind.

6. Finally, Plaintiff's second motion tells the Court that the account restrained under the existing Order is in the name of a non-party entity. ECF No. 21 ¶ 4. That representation is addressed in Defendants' memorandum: whatever the bank's records ultimately show, on Plaintiff's own submission the existing restraint reaches the property of a separate non-party, which is a reason to dissolve the existing Order, not to enter a broader one.

Defendants respectfully request that the Second Emergency Motion be denied. In the alternative, if the Court entertains it, Defendants request only that it be heard on notice, together with the matters already set for hearing on August 27, 2026, and Defendants reserve all rights to respond further within the time the rules provide. No relief should issue ex parte.

Dated: August 25, 2026

Respectfully submitted,

**/s/ George S. Gossett, Jr.**
George S. Gossett, Jr., Esquire
Pa. Bar No. 82983
LAW OFFICE OF GEORGE GOSSETT, JR.
408 Green Lane, Suite 201
Philadelphia, Pennsylvania 19128
(267) 846-8963
legal@upssites.com

Counsel for Defendants KRSM Inc.
and Syed Kazmi

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MANSFIELD OIL COMPANY
OF GAINESVILLE, INC.,

Plaintiff,

Civil Action No. 2:26-cv-06072-GAM

v.

KRSM INC. and SYED KAZMI,

Defendants.

**[PROPOSED] ORDER**

AND NOW, this ______ day of ________________, 2026, upon consideration of Plaintiff's Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 16) and Defendants' Opposition thereto, it is hereby ORDERED that the Motion at ECF No. 16 is DENIED.

________________________________

Gerald A. McHugh, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MANSFIELD OIL COMPANY
OF GAINESVILLE, INC.,

Plaintiff, Civil Action No. 2:26-cv-06072-GAM

v.

KRSM INC. and SYED KAZMI,

Defendants.

**CERTIFICATE OF SERVICE**

I certify that on the date set forth below I caused a true and correct copy of the foregoing Opposition to Plaintiff's Second Emergency Motion for Temporary Restraining Order and Preliminary Injunction, together with the proposed order and all supporting papers, to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and to be served by electronic mail upon:

Urs Broderick Furrer, Esquire
HARRITON & FURRER, LLP
83 Wooster Heights Road, Suite 125
Danbury, Connecticut 06810
UBFurrer@HFLawLLP.com
Attorneys for Plaintiff

Dated: August 25, 2026

Respectfully submitted,

**/s/ George S. Gossett, Jr.**
George S. Gossett, Jr., Esquire
Pa. Bar No. 82983
LAW OFFICE OF GEORGE GOSSETT, JR.

408 Green Lane, Suite 201
Philadelphia, Pennsylvania 19128
(267) 846-8963
legal@upssites.com

Counsel for Defendants KRSM Inc.
and Syed Kazmi