**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY OF GAINESVILLE, INC., | : | Civil Action No. 2:26-cv-06072-GAM |
| Plaintiff, | : | |
| v. | : | |
| KRSM INC. and SYED KAZMI, | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT OF THE COURT'S PRELIMINARY INJUNCTION ORDER OF AUGUST 28, 2026**

Plaintiff Mansfield Oil Company of Gainesville, Inc. ("Mansfield") moves, pursuant to the Court's inherent authority and 18 U.S.C. § 401(3), for an order directing Defendants KRSM Inc. and Syed Kazmi to show cause why they should not be held in civil contempt for failing to comply with this Court's Order of August 28, 2026, and for coercive and compensatory sanctions. In support, Mansfield states:

1. On August 28, 2026, following a hearing at which Defendants appeared through counsel, the Court granted Mansfield's motions for preliminary injunction in part and ordered: "Defendants shall maintain a balance of at least $2,750,000 in the M&T bank account identified in the Electronic Transfer Agreement between the parties with an account number ending in 7805. At any balance at or below $2,750,000, neither Defendants nor any other party may request, and M&T Bank shall refuse to permit, any withdrawals, transfers, or drafts upon that account, except as ordered by this Court." ECF No. 35 (the "Order").

2. The Order was entered on August 28, 2026, docketed the same day, and was served on Defendants' counsel and on M&T Bank. Furrer Contempt Decl. ¶3.

3. Defendants have not complied. As of September 1, 2026, the balance of the account ending in 7805 was $589,513.68, $2,160,486.32 below the $2,750,000 the Order requires Defendants to maintain. Furrer Contempt Decl. ¶4 and Exhibit C. Defendants have deposited nothing into the account since the Order was entered. *Id.*

4. Defendants have not moved to modify or clarify the Order, have not sought a stay pending appeal, have not posted a supersedeas bond, and have not advised the Court or Mansfield of any claimed inability to comply.

5. The Order is clear and unambiguous, Defendants have knowledge of it, and Defendants have disobeyed it. Each element of civil contempt is established by clear and convincing evidence. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995).

6. Mansfield requests that the Court (a) direct Defendants to show cause, at a hearing on the earliest available date, why they should not be held in civil contempt; (b) upon a finding of contempt, order Defendants to deposit into the account within three (3) business days such sum as is necessary to bring the balance to $2,750,000; (c) impose a coercive fine of $1,000 per day, payable to the Court, for each day of continued noncompliance after that date, escalating as the Court deems necessary; (d) order Defendants to file, within five (5) business days, a sworn accounting identifying every withdrawal, transfer, or draft from the account since May 21, 2026 and every account, at any institution, held by or for the benefit of either Defendant or any entity under their control, with balances; (e) award Mansfield its reasonable attorneys' fees and costs incurred in securing compliance; (f) in the alternative or in addition, modify the preliminary injunction under Fed. R. Civ. P. 65 to extend the restraint to such other accounts of Defendants and persons acting in concert with them as are necessary to preserve $2,750,000; or (g) In the alternative, if and to the extent KRSM has not yet received payment from its customers for the

Mansfield fuel it lifted (as KRSM's principal Mr. Syed Kazmi suggested at the hearing, stating he had not yet invoiced his customers because he was waiting to confirm accuracy of Mansfield's invoices), then all payments received by KRSM on account of the fuel it lifted from Mansfield shall be deposited into the M&T Bank account.

7. Pursuant to Local Rule 7.1, a memorandum of law and proposed order are submitted herewith.

WHEREFORE, Mansfield respectfully requests that the Court enter the accompanying proposed Order to Show Cause and, following hearing, grant the relief described above.

Dated: Danbury, Connecticut
September 1, 2026

HARRITON & FURRER, LLP
*/s/ Urs Broderick Furrer*
URS BRODERICK FURRER, ESQ.
Attorneys for Plaintiff
83 Wooster Heights Road, Suite 125
Danbury, Connecticut 06810
(914) 730-3400
UBFurrer@HFLawLLP.com
PA Bar # 312832

FREDERICK P. SANTARELLI
ELLIOTT GREENLEAF, P.C.
Attorneys for Plaintiff
925 Harvest Drive, Suite 300
Blue Bell, Pennsylvania 19422
(215) 977-1024
FPSantarelli@elliottgreenleaf.com
PA Bar # 53901

KYLE M. ELLIOTT
ELLIOTT GREENLEAF, P.C.
Attorneys for Plaintiff
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1043
kme@elliottgreenleaf.com
PA Bar # 306836

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY<br>OF GAINESVILLE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KRSM INC. and SYED KAZMI,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br>Civil Action No. 2:26-cv-06072-GAM |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT**

## I. INTRODUCTION

One week ago this Court, having vacated a blanket freeze in favor of a measured one -- carefully tailored to evidence and testimony presented over several hours -- ordered Defendants to maintain a minimum of $2,750,000 in the account they designated to Mansfield for payment of nearly $4 million in fuel that they admit to receiving and admit to not paying for. The Order directed less of Defendants than the restraint it replaced: it left them free use of every dollar above the floor. Defendants have simply not complied. The account holds only $589,513.68, well below the amount this Court Ordered. They have deposited nothing, and said nothing. They simply ignore that this Court ordered what it ordered. A preliminary injunction that a defendant may ignore at no cost is not an injunction, and the tailored relief this Court fashioned on August 28 will mean nothing unless it is enforced. Mansfield asks the Court to require Defendants to show cause why they should not be held in civil contempt, and to impose the coercive and compensatory sanctions necessary to bring the account to the minimum balance that the Order requires. The Court's Order should also direct Defendants to immediately provide a verified full accounting

stating all sums deposited and withdrawn by date and identity of the depositor and the person authorizing any withdrawals, since May 21, 2026.

## II. BACKGROUND

The Court is familiar with the history. Between May 21 and July 7, 2026, KRSM lifted 1,124,594 gallons of fuel from Mansfield's account at the Twin Oaks terminal and paid nothing for it. The Court entered a temporary restraining order on August 20 (ECF No. 10), and on August 28, after a hearing at which Defendants appeared through counsel and the Court heard several hours of evidence and testimony, vacated the TRO and granted a preliminary injunction requiring Defendants to "maintain a balance of at least $2,750,000" in the M&T Bank account ending in 7805 and prohibiting any withdrawal at or below that balance except by order of the Court. ECF No. 35. The Court stated its reasons on the record. (Hearing Tr. pp. 168-176).

The Order was served on M&T Bank on August 28. 2025. Furrer Contempt Decl. ¶ 3 On August 31, 2026, M&T Bank confirmed in writing that the balance of the account was $589,513.68*Id.*, ¶ 4 and Exhibit C. Defendants have made no deposit to restore the balance to $2,750,000, have not sought relief from the Order, and have not communicated any claimed inability to comply. *Id.* ¶ 5. On September 1, 2026, at 8:16AM, Mansfield's counsel wrote to Defendants' counsel identifying the shortfall and requesting compliance (Furrer Decl. Ex. D). Despite a deadline to respond being set at 2pm, Defendants sent the following response at 5:13pm:

> "We disagree with your reading of the Order. The Order does not direct Defendants to deposit funds into the account. It restrains withdrawals. It provides that "[a]t any balance at or below $2,750,000, neither Defendants nor any other party may request, and M&T Bank shall refuse to permit, any withdrawals, transfers, or drafts upon that account, except as ordered by this Court." Defendants are complying with that restraint. No withdrawal, transfer, or draft has been or will be requested in violation of it. In addition, the order has been appealed."

Defendants' interpretation of the Order is incorrect, as discussed further below. Defendants' own submissions establish that they have the means to comply. In opposing the TRO, Defendant Kazmi declared under penalty of perjury that the account is the one from which KRSM pays "its fuel suppliers, its carriers, its tax remittances and its payroll," ECF No. 26-1 at 11 (citing Kazmi Decl. ¶¶ 8, 15), and Defendants argued that KRSM is an operating business with ongoing revenue that should not be disrupted. *Id.* at 25–26. KRSM resold more than 1.1 million gallons of Mansfield's fuel. The proceeds of that resale exist somewhere; the Order requires $2,750,000 of them to be in this account. Defendant KRSM's financial statements, admitted into evidence at the hearing, represented KRSM having cash assets of over $30,000,000.00. Ex. "3", from the Preliminary Injunction hearing.

## III. ARGUMENT

### A. Each element of civil contempt is established.

A party seeking civil contempt must show by clear and convincing evidence that "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995); *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003); *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009). Willfulness is not an element, and good faith is not a defense. *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994); *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 148–49 (3d Cir. 1994).

*A valid order.* The August 28 Order is a preliminary injunction entered under Rule 65 after notice and hearing, on findings stated in open court. It is in force. Defendants have not obtained a stay under Rule 62(d), and the pendency of any appeal does not suspend their obligation to comply. An order must be obeyed until it is vacated or stayed, however erroneous a party believes it to be.

*See Walker v. City of Birmingham*, 388 U.S. 307, 320–21 (1967); *United States v. United Mine Workers*, 330 U.S. 258, 293–94 (1947).

*Knowledge.* Defendants' counsel was present when the Order was announced and entered; it was docketed and served the same day; and Defendant Kazmi is KRSM's president and the person who controls its accounts, and was present in the courtroom when the Court issued the Order from the Bench. Furrer Contempt Decl. ¶ 2. Knowledge is not in dispute.

*Disobedience.* The Order directs that Defendants "shall maintain a balance of at least $2,750,000" in the account. The balance is now only $589,513.68, Defendants have deposited nothing since the Order to comply with it. That is noncompliance on the face of the bank's records, and it is established by clear and convincing evidence. Furrer Contempt Decl. Ex. C.

**B. The Order is clear and unambiguous, and any doubt Defendants harbored was theirs to raise, not to act on.**

Defendants argument that the Order did not require them to *deposit* anything, the Order's plain and unambiguous text forecloses that reading: "Shall maintain a balance of at least $2,750,000" is an affirmative directive to Defendants, in mandatory terms, fixing a minimum balance. The second sentence, that at or below the floor "neither Defendants nor any other party may request, and M&T Bank shall refuse to permit," withdrawals, is a separate, additional protection directed at the bank and at third parties who may seek to withdraw from the account.

In any event, the Court explicitly offered Defendants an opportunity on the record at the end of the hearing, to raise any questions they may have on the clarity of the Order. They said nothing. If Defendants believed the Order was unclear, or that they could not comply, the course open to them was to say so—when given the express invitation by the court to do so at the hearing, or by motion for modification since such time. They did neither. Indeed, they have ignored Plaintiff's counsel's written request to comply with the Order to maintain the $2,750,000 balance

in the account. A party may not privately assert an order's supposed ambiguity in its own favor and then invoke that privately-alleged ambiguity as a "defense" for ignoring the Order; parties who take that course "act at their peril." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949). Defendants' silence until now is itself evidence that they understood what the Order required.

### C. Any claimed inability to comply is Defendants' burden to prove, and their own filings contradict it.

Although a genuine inability to comply may provide a defense to civil contempt, the alleged contemnor bears the burden of producing evidence proving it, and the proof must be specific. *United States v. Rylander*, 460 U.S. 752, 757 (1983); *Harris*, 47 F.3d at 1324. A bare assertion that funds are not available does not suffice, and a party whose inability is self-induced cannot invoke it. Defendants cannot credibly carry that burden. They received and resold 1,124,594 gallons of fuel worth nearly $4 million and paid nothing for it. Their sworn opposition to the TRO described KRSM as an operating distributor with suppliers, carriers, payroll, and tax obligations funded through this very account. ECF No. 26-1 at 11, 25–26. And according to Mansfield's information, the account was retitled to a non-party while Defendants' debt to Mansfield went unpaid, which is the very concern that prompted the Court to fix a floor. If the proceeds of Mansfield's fuel have been moved elsewhere, that is a reason to compel their return, not a defense to the Order that sought to preserve them. Should Defendants assert inability, the Court should require, as courts routinely do, a sworn accounting of every account and transfer so that the claim can be tested rather than accepted. This is especially justified given the fact that KRSM's financial statement, admitted into the record at the hearing, confirmed it had over $30,000,000 in cash assets.

**D. Coercive and compensatory sanctions are warranted.**

Civil contempt sanctions serve two purposes: to coerce compliance and to compensate the injured party for losses caused by the violation. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 827–29 (1994); *Robin Woods*, 28 F.3d at 400; *Elkin v. Fauver*, 969 F.2d 48, 52 (3d Cir. 1992). A per-diem fine that the contemnor may avoid by complying is a classic coercive civil sanction. *Bagwell*, 512 U.S. at 829. Compensatory sanctions may include the reasonable attorneys' fees incurred in obtaining compliance. *Robin Woods*, 28 F.3d at 400–01; *Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990).

Mansfield requests both. Coercively, the Court should order Defendants to restore the balance within three business days of the contempt finding and impose a fine of $1,000 per day thereafter, payable to the Court, escalating weekly until compliance, with leave to seek further relief; such relief should include the confinement of Defendant Kazmi, who controls KRSM's accounts if the fine proves inadequate. Compensatorily, the Court should award Mansfield the reasonable fees and costs of this motion and the hearing. Furrer Contempt Decl. ¶ 7. The Court should also direct the sworn accounting described in this Motion; without it, neither the Court nor Mansfield can determine where the proceeds of Mansfield's fuel have gone or whether an inability claim is genuine.

**E. In the alternative, the injunction should be modified to reach the funds wherever they are.**

A court that has entered a preliminary injunction retains authority to modify it as circumstances require, and an injunction binds not only the parties but their officers, agents, and those in active concert with them who have notice. Fed. R. Civ. P. 65(d)(2). If Defendants contend that the funds needed to comply reside in accounts other than the one ending in 7805, whether accounts of KRSM, of Defendant Kazmi, or of affiliated entities under their control, the

appropriate response is to extend the restraint to those accounts to the extent necessary to preserve $2,750,000, and to direct the sworn accounting that will identify them. Mansfield requests that relief in the alternative or in addition to the contempt sanctions above, so that the protection the Court intended on August 28 is not defeated by the movement of money between accounts. In the alternative, if and to the extent KRSM has not yet received payment from its customers for the Mansfield fuel it lifted (as KRSM's principal Mr. Syed Kazmi suggested at the hearing, stating he had not yet invoiced his customers because he was waiting to confirm accuracy of Mansfield's invoices), then all payments received by KRSM on account of the fuel it lifted from Mansfield shall be deposited into the M&T Bank account

## IV. CONCLUSION

Mansfield respectfully requests that the Court enter the accompanying Order to Show Cause, set the matter for hearing[1] at the earliest available date, and, upon hearing, hold Defendants in civil contempt and grant the coercive, compensatory, and alternative relief described above.

Dated: Danbury, Connecticut
September 1, 2026

HARRITON & FURRER, LLP
*/s/ Urs Broderick Furrer*
URS BRODERICK FURRER, ESQ.
Attorneys for Plaintiff
83 Wooster Heights Road, Suite 125
Danbury, Connecticut 06810
(914) 730-3400
UBFurrer@HFLawLLP.com
PA Bar # 312832

[1] Plaintiff also intends to file a motion for expedited discovery shortly.

FREDERICK P. SANTARELLI
ELLIOTT GREENLEAF, P.C.
Attorneys for Plaintiff
925 Harvest Drive, Suite 300
Blue Bell, Pennsylvania 19422
(215) 977-1024
FPSantarelli@elliottgreenleaf.com
PA Bar # 53901

KYLE M. ELLIOTT
ELLIOTT GREENLEAF, P.C.
Attorneys for Plaintiff
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1043
kme@elliottgreenleaf.com
PA Bar # 306836

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY<br>OF GAINESVILLE, INC., | : | Civil Action No. 2:26-cv-06072-GAM |
| Plaintiff, | : | |
| v. | : | |
| KRSM INC. and SYED KAZMI, | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, I caused the foregoing Motion, Memorandum of Law, Declaration with exhibits, and proposed Order to Show Cause to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and to be served by electronic mail upon Paul Toner, Esq., Toner Law Group, PLLC, paul@tonerlaw.com; Mauro Tucci, Esq., Chiesa Shahinian & Giantomasi PC, mtucci@csglaw.com; and georgegossettjr@gmail.com, counsel for Defendants KRSM Inc. and Syed Kazmi.

Dated: Danbury, Connecticut
September _1, 2026

HARRITON & FURRER, LLP
/s/ Urs Broderick Furrer
URS BRODERICK FURRER, ESQ.
Attorneys for Plaintiff
83 Wooster Heights Road, Suite 125
Danbury, Connecticut 06810
(914) 730-3400
UBFurrer@HFLawLLP.com
PA Bar # 312832

FREDERICK P. SANTARELLI
ELLIOTT GREENLEAF, P.C.
Attorneys for Plaintiff
925 Harvest Drive, Suite 300
Blue Bell, Pennsylvania 19422
(215) 977-1024
FPSantarelli@elliottgreenleaf.com
PA Bar # 53901

KYLE M. ELLIOTT
ELLIOTT GREENLEAF, P.C.
Attorneys for Plaintiff
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1043
kme@elliottgreenleaf.com
PA Bar # 306836