**TONER LAW GROUP, PLLC**
By: Paul J. Toner, Esquire (Atty. I.D. 94185)
Michael P. McIlhinney, Esquire (Atty. I.D. 93246)
Kilian C. Teschko, Esquire (Atty. I.D. 332358)
One Penn Square West
30 S 15th Street, Suite 1601
Philadelphia, PA 19102
T. 215.282.8525
E. paul@tonerlaw.com *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY OF GAINESVILLE, INC., | : | |
| Plaintiff, | : | Civil Action No. 2:26-cv-06072-GAM |
| v. | : | |
| KRSM INC. and SYED KAZMI, | : | |
| Defendants. | : | |

**DEFENDANTS MOTION TO DISMISS COMPLAINT**
**PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants Syed Kazmi and KRSM, Inc, by and through undersigned counsel, respectfully move to dismiss the Complaint and aver as follows:

**Introduction:**

1. This Motion to Dismiss is filed by Defendants Syed Kazmi and KRSM, Inc.

2. This Motion seeks the dismissal of the Complaint filed by Mansfield Oil Company of Gainesville, Inc. on August 19, 2026 (Document # 1). A copy of the Complaint is attached hereto as **Exhibit "A."**

3. The Complaint contains six counts. Every one of them is captioned as a claim against KRSM Inc.: Count I for Breach of Contract Against KRSM; Count II for Unjust Enrichment Against KRSM; Count III for Action for the Price Against KRSM; Count IV for

Account Stated Against KRSM; Count V for Conversion Against KRSM; Count VI for Declaratory Relief Against KRSM. Compl. at 4-8.

**Parties:**

4. Mansfield Oil Company of Gainesville, Inc. ("Mansfield") sued KRSM Inc. ("KRSM") and Syed Kazmi ("Kazmi") in the Eastern District of Pennsylvania on August 19, 2026, asserting six counts arising from unpaid fuel purchases (COMPLAINT at 1).

5. The complaint alleges Mansfield is a "foreign corporation" with offices in Gainesville, Georgia (COMPLAINT at 1).

6. The Complaint alleges that KRSM is a "foreign corporation" with a principal business address in Lawrenceville, New Jersey (COMPLAINT at 1), and Kazmi "is President of KRSM Inc." (COMPLAINT at 1).

**Background**:

7. Defendant KRSM has been a customer of Plaintiff since January 25, 2022.

8. The business relationship at issue includes Plaintiff Mansfield being the supplier of fuel to Defendant KRSM pursuant to a written contract.

9. On January 25, 2022, KRSM executed Mansfield's Commercial Credit Application, agreeing that "it shall be responsible to pay Mansfield for such fuel" (COMPLAINT at 12; COMPLAINT at 2).

10. Kazmi signed on behalf of "PURCHASER: KRSM INC," identified as the "Authorized Officer," Title "President" (COMPLAINT at 12-13).

11. The accompanying General Terms and Conditions provide that "Title and risk of loss for Fuel shall pass to Purchaser as it is dispensed into Purchaser's or its common carrier's vehicle at the applicable terminal Delivery Point" (COMPLAINT at 13).

12. The Complaint alleges that between May 21 and July 7, 2026 ("Disputed Period"), KRSM lifted approximately 1,124,594 gallons of fuel and did not pay (COMPLAINT at 2; COMPLAINT at 3).

13. The fuel at issue was lifted from the Twin Oaks Terminal in Aston/Twin Oaks, Pennsylvania (COMPLAINT at 2).

14. There is no allegation that any payment remains outstanding for fuel taken before May 21, 2026 or after July 7, 2026.

15. The Complaint acknowledge that Plaintiff did not send invoices to Defendant KRSM "until early July of 2026." (Complaint ¶ 16.)

16. The Complaint does not contend that Defendants were responsible for or in any way involved with the "data receiving error" that resulted in Plaintiff's own failure to issue invoices during the Disputed Period.

## I.

## FAILURE TO STATE A CLAIM AGAINST DEFENDANT SYED KAZMI

## Fed. R. Civ. P. 12(b)(6)

17. Paragraphs one (1) through sixteen (16) are incorporated herein by reference.

18. In relevant part, the Complaint names Syed Kazmi in its caption, and then pleads every one of its six counts against KRSM Inc. alone.

19. Each count of the Complaint is captioned as a claim "Against KRSM," not Syed Kazmi.

20. In total, the Complaint references the name of Defendant Kazmi in five paragraphs, and in every one of them he is described doing the company's business:

1. In paragraph 3 of the Complaint, Mr. Kazmi is identified as being the "President of KRSM Inc.…"

2. In paragraph 11 of the Complaint, avers that Mr. Kazmi "on behalf of KRSM, requested to purchase petroleum…."
3. In paragraph 17-22 of the Complaint, Plaintiff avers that it "contacted Kazmi with KRSM" about the invoices in dispute and "and Mansfield personnel" reviewed them ( ¶18) and that Mr. Kazmi "stated that KRSM would pay for all fuel that KRSM received from Mansfield…." (¶22)

21. Moreover, both the opening sentence of the Complaint and its prayer for relief identifies that the action is brought "against Defendant KRSM Inc."

22. Indisputably, the prayer for relief asks for judgment against KRSM and against no one else.

23. A complaint must do more than allege an entitlement to relief. It "has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). Rule 8(a)(2) requires a statement showing that the pleader is entitled to relief, and Rule 8(a)(3) requires a demand for the relief sought. Both are measured against the defendant from whom relief is sought.

24. The Complaint does not allege that Mr. Kazmi acted in any capacity other than as an officer of KRSM Inc. It pleads no count against him, seeks no relief from him, and nowhere alleges that he personally committed, directed, participated in or cooperated in any act for which relief is sought against him.

25. The Complaint names Mr. Kazmi in five paragraphs and in each of them he is acting for the company.

26. It pleads no promise, guaranty, duty, receipt of property or act of his own, no count against him, and no relief against him. Compl. ¶¶3, 11, 17, 18, 22. It does not allege any promise of his own, any duty owed by him personally, any property received by him, or any act undertaken otherwise than in his representative capacity for the company.

27. Plaintiff pleads that the contract it sues on was executed by the corporation: "On January 25, 2022, KRSM executed Mansfield's Commercial Credit Application." Compl. ¶9.

28. Plaintiff also pleads who "the undersigned" is. Paragraph 31 states: "Pursuant to the Agreement, Defendant KRSM agreed that, 'The undersigned hereby agrees to reimburse Mansfield for all collection expenses….'" Compl. ¶31. Plaintiff's own pleading identifies KRSM as the undersigned.

29. The General Terms and Conditions attached to the Complaint are "entered into by and between Mansfield Oil Company of Gainesville, Inc. … and the undersigned entity ('Purchaser')." Compl. Ex. A. Mr. Kazmi is not an entity.

30. Plaintiff has said the same thing in this litigation. In its Reply in Support of its request for a Preliminary Injunction, Plaintiff confirmed that the requested restraint "does not restrain and Plaintiff has not sought to restrain, any personal asset of Mr. Kazmi," and that it "will respond to any Rule 12 motion directed at the pleading against Mr. Kazmi in the ordinary course." ECF No. 32 at 12-13. This is that motion.

WHEREFORE, Defendant Syed Kazmi requests that the Complaint be dismissed as to him.

## II.

## COUNT V (CONVERSION) IS BARRED BY THE UCC AND THE GIST OF THE ACTION DOCTRINE

Fed. R. Civ. P. 12(b)(6)

31. Paragraphs one (1) through thirty (30) are incorporated herein by reference.

32. In Count V, Plaintiff pleads a claim for conversion.

33. Upon the facts plead, the law precludes a recovery on a theory of conversion.

34. Fundamentally, a claim for Conversion requires that the plaintiff hold a property interest, and possession or an immediate right to possession, at the time of the alleged conversion. Chrysler Credit Corp. v. Smith, 434 Pa. Super. 429, 643 A.2d 1098, 1100 (1994).

35. In Paragraph 55 of the Complaint, Plaintiffs avers it was the owner of the fuel "until it was obtained by, or on behalf of, Defendant at the Twin Oaks terminal." That is title passed on delivery, which is precisely what is provided by the Commercial Code. See 13 Pa. C.S. § 2401(2).

36. The contract attached as Exhibit "A" to the Complaint provides the same: "Title and risk of loss for Fuel shall pass to Purchaser as it is dispensed into Purchaser's or its common carrier's vehicle at the applicable terminal Delivery Point." Compl. Ex. A.

37. As a matter of law, a plaintiff who owns nothing at the moment of the alleged interference has no conversion claim and paragraph 58 of the Complaint seeks only that KRSM "pay Plaintiff the agreed upon contract purchase price."

38. Under Pennsylvania law, "the failure to pay a debt is not conversion." Pittsburgh Construction Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. 2003).

39. Moreover, by its plain language, Count V of the Complaint recasts a nonpayment claim as a tort and should be dismissed.

40. Pennsylvania's Gist-of-the-Action Doctrine "precludes a plaintiff from bringing what is actually a breach of contract claim as a tort claim," turning on whether the duty allegedly breached arises from the contract or from a broader social duty. See Solem v. Horseshoe Trail Farm, LLC, No. CV 22-1815, 2022 WL 4454335 (E.D. Pa. Sept. 23, 2022).

41. Here, Plaintiff Mansfield and Defendant KRSM are parties to a contract with competing contractual claims in dispute.

42. The plain language of the Complaint makes it abundantly clear that Plaintiff believes there is a breach of the contract it attached to the Complaint, and Count V asks for the same money on the same facts.

43. Paragraph 56 of the Complaint alleges that KRSM took delivery "well above its approved credit limit . . . pursuant to the Agreement," and paragraph 58 asks that KRSM "pay Plaintiff the agreed upon contract purchase price." Clearly, both the duty and the remedy are based in contract.

44. The conduct Count V pleads is taking delivery of fuel and not paying the invoiced amount for it. That is the conduct alleged in Count I.

WHEREFORE, Defendants request that Count V of the Complaint be dismissed and that the request for punitive damages at paragraph 60 of the Complaint be dismissed.

## III.

## COUNT II ( UNJUST ENRICHMENT) IS BARRED BY THE GIST OF THE ACTION DOCTRINE AND RAISES A CLAIM FOR WHICH RELIEF MAY NOT BE GRANTED AS A MATTER OF LAW

Fed. R. Civ. P. 12(b)(6)

45. Paragraphs one (1) through forty-four (44) are incorporated herein by reference.

46. By its plain language, Count II of the Complaint alleges that “KRSM was contractually obligated to pay for such fuel that it received.” The contractual nature of its claim for Unjust Enrichment could not be clearer.

47. In fact, Paragraph 33 of the Complaint incorporates paragraph 28, which alleges “a valid and binding and clear and unambiguous contract.”

48. The Supreme Court of Pennsylvania has stated the rule directly: "[I]t has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the

relationship between parties is founded upon a written agreement or express contract." Wilson Area School District v. Skepton, 586 Pa. 513, 895 A.2d 1250, 1254 (2006).

49. While a plaintiff may sometimes plead unjust enrichment in the alternative, it "cannot do so where there is an indisputable express contract." Solem v. Horseshoe Trail Farm, LLC, No. CV 22-1815, 2022 WL 4454335 (E.D. Pa. Sept. 23, 2022).

50. Indisputably, Count I asserts a "valid and binding and clear and unambiguous contract" (COMPLAINT at 4).

51. The Claim for Unjust Enrichment is clearly and unavoidably not pleaded in the alternative to a disputed contract. It affirmatively alleges that "KRSM was contractually obligated to pay for such fuel that it received" (COMPLAINT at 5)

52. Here, because "the parties' relationship is indisputably governed by a written contract," the unjust enrichment count must be dismissed. Solem v. Horseshoe Trail Farm, LLC, No. CV 22-1815, 2022 WL 4454335 (E.D. Pa. Sept. 23, 2022.

WHEREFORE, Defendants request that Count II (Unjust Enrichment) be dismissed.

## IV.

## THE COMPLAINT INCLUDES "IMMATERIAL, IMPERTINENT, OR SCANDALOUS MATTER" THAT WARRANTS THE STRIKING OF THE OFFENDING PARAGRAPHS

### Fed.R.Civ. P. 12(f)

53. Paragraphs one (1) through fifty-two (52) are incorporated herein by reference.

54. In paragraphs 13 and 14 of the Complaint, Plaintiff clearly attempts to defame Defendants and recast the action with wholly irrelevant and impermissible political undertones when it references "Freedom Fuel" and links to a new article from the LA Times.

55. Fundamentally, references to Freedom Fuel and President Trump constitutes material that, while certainly inflammatory, is unavoidably immaterial to a fuel-nonpayment suit and casts KRSM in a derogatory light.

56. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12.

57. "Immaterial matter is that which has no essential or important relationship to the claim for relief"; "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question"; and "[s]candalous matter . . . improperly casts a derogatory light on someone, most typically on a party to the action," and must "reflect cruelly" on moral character, use "repulsive language," or "detract from the dignity of the court."

58. Here, Paragraph 13 of the Complaint includes the allegation that KRSM sold a portion of such fuel to its stations that are part of the Freedom Fuel Network (freedomfuelnetwork.com) which, it has been reported, sold such fuel for significantly less than its competitors, followed by a hyperlink to a Los Angeles Times article, "in order to garner media attention." (COMPLAINT at 2- 3)

59. The article URL itself carries the descriptors behind-trumps-freedom-fuel-mysterious-gas-chain-legal-troubles-nfl-coach. (COMPLAINT at 3)

60. Paragraph 14 alleges that "KRSM was able to sell such fuel for such low prices and garner such publicity because it never paid Plaintiff for such fuel." (COMPLAINT at 3)

61. The aforementioned are the only "Freedom Fuel"/publicity allegations in the operative complaint and bear no relevance to the breach of contract/accounting matters properly plead.

WHEREFORE, Defendants respectfully requests that the Court enter the accompanying proposed Order to strike paragraphs 13 & 14 of the Complaint.

**V.**

**FAILURE TO STATE A CLAIM FOR A DECLARATION (COUNT VI) AND AN IMPERMISSIBLE REQUEST TO FREEZE ASSETS FOR WHICH PLAINTIFF LACKS A LEGAL OR EQUITABLE LIEN**

**Fed. R. Civ. P. 12(b)(6)**

62. Paragraphs one (1) through sixty-one (61) are incorporated herein by reference.

63. Count VI is captioned "Declaratory Relief," but it requests no actual declaration. It pleads two substantive paragraphs. Paragraph 62 alleges that "the foregoing acts and omissions of Defendant constitute material breaches of the Agreement." Paragraph 63 alleges that "[b]y virtue of Defendant's material breach, Plaintiff is entitled to a temporary restraining order and preliminary injunction."

64. Neither states a claim. Paragraph 62 is the same material breach of the same Agreement pleaded in Count I. Paragraph 63 seeks provisional remedies, which are sought by motion under Rule 65 and are not causes of action. See Birdman v. Office of the Governor, 677 F.3d 167, 172 (3d Cir. 2012) (a party "must have a cause of action to merit an injunction").

65. The DECLARATORY JUDGMENT ACT is to the same effect: it "creates a remedy, not rights." Malhan v. Secretary United States Department of State, 938 F.3d 453, 457 (3d Cir. 2019). The Federal Rules keep the two separate: Rule 8(a)(2) requires a statement of the claim showing entitlement to relief, and Rule 8(a)(3) separately requires a demand for the relief sought. Count VI supplies only the second.

66. To the extent Count VI is read as seeking a declaration, it duplicates Count I and would resolve nothing that Count I will not. This Court has dismissed such a count on that ground in a contract case: "Because the requested declaratory relief duplicates the breach of

contract claim, I will grant dismissal," where "the requested declaratory relief would lack utility and be duplicative of [the] contract claims." Westbrook Monster Mix Co., LLC v. Easy Gardener Products, Inc., No. 23-2952 (E.D. Pa. Feb. 27, 2024). The principle is settled in this District: courts "decline to issue a declaratory judgment when the claim for breach of contract would necessarily involve adjudication of the issues implicated in the claim for declaratory relief." Butta v. GEICO Casualty Co., 400 F. Supp. 3d 225, 233 (E.D. Pa. 2019).

67. Defendants seek no relief by this motion concerning the Order of August 28, 2026, ECF No. 35, which is the subject of a pending appeal. They ask only that Count VI be dismissed as a matter of pleading. Any remedy Plaintiff may prove remains available under the counts that survive.

68. Moreover, to the extent Count VI seeks an injunctive relief, established case law would preclude the recovery sought.

69. In particular, Count VI seeks a "preliminary injunction prohibiting Defendant from transferring any money from Defendant's bank account and a Preliminary Injunction freezing Defendant's bank account." (COMPLAINT ¶ 63.)

70. The relief requested conflicts with establish law.

71. As a matter of law, the right to initiate debits against an account to collect payment for fuel is a *payment mechanism* and a means of collecting a *legal debt*; it is not a lien on, or an equitable interest in, the account.

72. In accordance with Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc., 527 U.S. 308 (1999) and its progeny, the exception turns on whether the plaintiff has a lien or asserts a genuine equitable claim to *specific assets.*

73. Here, a contractual authorization to debit for goods delivered does not give Mansfield the type of equitable lien that would be sufficient under Grupo Mexicano.

74. As a matter of law, Defendant KRSM is not holding funds in trust for Plaintiff.

75. Rather than an equitable lien, Plaintiff seeks (and the Court order dated August 28, 2026 purports to give Plaintiff) a type of 'equitable assistance' in the collection of a disputed debt, which is precisely what Grupo Mexicano forecloses. See also, Leadenhall Cap. Partners LLP v. Advantage Cap. Holdings LLC, 171 F.4th 155 (2d Cir. 2026), Karpov v. Karpov, 555 Fed.Appx. 146, 147 (3d Cir. 2014) and Novatek Corp. v. Mallet, 324 F.Supp.3d 560 (E.D. Pa. 2018).

76. Fundamentally, Plaintiff seeks the seizure of a general operating account, where Plaintiff lacks a cognizable claim to the specific asserts it asks to be froze.

77. The Complaint does not assert, let alone establish, that the account it seeks to freeze is limited to only the specific proceeds from fuel lifted during the Disputed Period.

78. Under Pennsylvania's Commercial Code, "a security interest in a deposit account may be perfected only by control under section 9314." 13 Pa. C.S. § 9312(b)(1). A secured party has control of a deposit account only if it (1) is the bank with which the deposit account is maintained, (2) has agreed with the debtor and the bank, in an authenticated record, that the bank will comply with instructions originated by the secured party directing disposition of the funds without further consent by the debtor, or (3) becomes the bank's customer with respect to the deposit account. 13 Pa. C.S. § 9104(a).

79. Here, Plaintiff Mansfield satisfies none of the three. The Complaint identifies M&T Bank, not Mansfield, as the bank with which the account is maintained. It pleads no authenticated control agreement among Mansfield, KRSM and the bank. And it does not plead

that Mansfield became the bank's customer with respect to the account. A unilateral authorization to originate ACH debits is a payment mechanism, not "control" within the meaning of the statute.

80. Legally, a unilateral authorization to originate ACH debits is a payment convenience, not "control."

WHEREFORE, Defendants respectfully request that the Court enter the accompanying proposed Order and dismiss Count VI of the Complaint.

**VI.**

**THERE IS NO LEGAL BASIS TO RECOVER PUNITIVE DAMAGES**

**Fed. R. Civ. P. 12(b)(6)**

81. Paragraphs one (1) through eighty (80) are incorporated herein by reference.

82. Separately, whether or not Count V is dismissed, the request for punitive damages at paragraph 60 should be stricken.

83. Count V is the only count in the Complaint that requests them, and punitive damages are not an independent claim: "one cannot recover punitive damages independently from an underlying cause of action," and a plaintiff "could not recover punitive damages for an action solely sounding in breach of contract." DiGregorio v. Keystone Health Plan East, 840 A.2d 361, 369-70 (Pa. Super. 2003).

84. As a matter of law, any award of punitive damages must turn on the actor's state of mind: a claim "must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison v. Luddy, 870 A.2d 766, 772 (Pa. 2005).

WHEREFORE, Defendants respectfully request that the Court enter the accompanying proposed Order and strike the request for punitive damages at paragraph 60 of the Complaint.

Dated: September 11, 2026

Respectfully submitted,

/s/ Paul J. Toner

Paul J. Toner, Esquire
TONER LAW GROUP, PLLC
One Penn Square West
30 South 15th Street, Suite 1601
Philadelphia, Pennsylvania 19102
(215) 282-8525
paul@tonerlaw.com
Counsel for Defendants
Syed Kazmi and KRSM Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY OF GAINESVILLE, INC., | : | |
| Plaintiff, | : | Civil Action No. 2:26-cv-06072-GAM |
| v. | : | |
| KRSM INC. and SYED KAZMI, | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I certify that on the date set forth below I caused a true and correct copy of the foregoing Defendants' Motion to Dismiss and Memorandum of Law in Support to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and to be served by electronic mail upon Urs Broderick Furrer, Esquire, Harriton & Furrer, LLP, UBFurrer@HFLawLLP.com; Frederick P. Santarelli, Esquire, Elliott Greenleaf, P.C., FPSantarelli@elliottgreenleaf.com; and Kyle M. Elliott, Esquire, Elliott Greenleaf, P.C., kme@elliottgreenleaf.com, counsel for Plaintiff.

Dated: September 11, 2026

Respectfully submitted,

_______/s/Paul J Toner________
Paul J. Toner, Esquire