**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MANSFIELD OIL COMPANY OF GAINESVILLE, INC.** | : | |
| **v.** | : | **CIVIL ACTION NO. 26-6072** |
| **KRSM, ET AL.** | : | |

**ORDER GOVERNING ELECTRONIC DISCOVERY**

**AND NOW**, this 16th day of September, 2026, it is **ORDERED** as follows:

**1. Introduction**

In the event the parties cannot reach an agreement on how to conduct electronic discovery ("e-discovery"), the following default standards shall apply until such time, if ever, the parties conduct e-discovery on a consensual basis.

**2. E-Discovery Conference**

The parties shall discuss the parameters of their anticipated e-discovery within ten (10) calendar days of the date of this Order.

**3. Retention**

Within twenty (20) calendar days of the date of this Order, the parties shall negotiate an agreement that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronic documents. In order to avoid later accusations of spoliation, a Fed. R. Civ. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate. The retention coordinators shall:

(a) Take steps to ensure that e-mail of identified custodians are not permanently deleted in the ordinary course of business and that electronic documents maintained by the individual custodians are not altered; -

(b) Provide notice as to the criteria used for spam and/or virus filtering of e-mails and attachments; documents filtered out by such systems shall be deemed nonresponsive so long as the criteria underlying the filtering are reasonable; and –

(c) Within seven (7) calendar days of identifying the relevant document custodians, implement the above procedures and each party's counsel shall file a statement of compliance with the Court.

**4. Exchange of E-Discovery Materials**

Within thirty (30) calendar days of the date of this Order, the parties shall exchange the following information:

(a) A list of the custodians of relevant electronic materials, including a brief description of each person's title and responsibilities; -

(b) A list of each relevant electronic system that has been in place at all relevant times and a general description of each system, including the nature, scope, character, organization, and formats employed in each system; -

(c) Other information about their electronic documents and whether they are of limited accessibility, that is, those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost; -

(d) The name of the individual responsible for the party's electronic document retention policies ("the retention coordinator"); -

(e) A general description of the party's electronic document retention policies; -

(f) The name of the individual who shall serve as the party's "e-discovery liaison"; and –

(g) A description of any problems reasonably anticipated to arise in connection with e-discovery.

**5. E-Discovery Liaison**

To promote communication and cooperation between the parties, each party shall designate a single individual through whom all e-discovery requests and responses are made ("the e-discovery liaison"). Regardless of whether the e-discovery liaison is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

(a) Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions; -

(b) Knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues; -

(c) Prepared to participate in e-discovery dispute resolutions; and -

(d) Responsible for organizing the party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

**6. Timing of E-Discovery**

Discovery of electronic documents shall proceed in the following sequenced fashion:

(a) After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronic documents, and produce responsive electronic documents in accordance with Fed. R. Civ. P. 26; -

(b) Electronic searches of documents identified as limited accessibility shall not be conducted until the initial electronic document search has been completed; -

(c) Requests for information expected to be found in limited accessibility documents must be narrowly focused with a factual basis supporting the request; and –

(d) On-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted, absent exceptional circumstances where good cause and specific need have been demonstrated.

**7. Search Methodology**

If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronic documents. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize expense, the parties may consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

**8. Format**

If the parties cannot agree to the format for document production, electronic documents shall be produced in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms, consistent with Fed. R. C. P. 34(b)(2)(e)(ii). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, i.e., the original formatting of the document, its metadata, and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronic documents in their native format.

**9. Privilege**

Electronic documents that contain privileged information or attorney work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production. All copies shall be returned or destroyed by the receiving party.

**10. Costs**

The costs of discovery shall be borne by each party. However, the Court will apportion the costs of electronic discovery upon a showing of good cause.

BY THE COURT:

/s/ Gerald Austin McHugh

Gerald Austin McHugh
United States District Judge