**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MANSFIELD OIL COMPANY OF GAINESVILLE, INC.,** | : | |
| **Plaintiff,** | : | **Civil Action No. 2:26-cv-6072-GAM** |
| **v.** | : | |
| **KRSM INC. and SYED KAZMI,** | : | |
| **Defendants.** | : | |

**PLAINTIFF MANSFIELD OIL COMPANY OF GAINESVILLE, INC.'S**
**REPLY BRIEF IN SUPPORT OF MOTION FOR CIVIL CONTEMPT**

## I. INTRODUCTION.

Plaintiff, Mansfield Oil Company of Gainesville, Inc. ("Plaintiff" or "Mansfield"), files this Reply Brief in support of its Motion for an Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt of the Court's August 28, 2026, Preliminary Injunction Order. (ECF Nos. 35, 37.) Mansfield's Motion should be granted for the following reasons.

Defendants KRSM, Inc. and Syed Kazmi's Opposition is based on their biased misconstruction of the Court's August 28th Order in order to excuse their contempt. Despite Kazmi being present in the courtroom and under oath during the preliminary injunction hearing, including when this Court expressly stated the compromise amount that must be maintained in the account, Kazmi said nothing. The Court's Order was clear and straightforward stating, in part: "Defendants shall maintain a balance of at least $2,750,000.00 in the M&T bank account identified in the Electronic Transfer Agreement between the parties with an account ending in 7805." (ECF No. 35.) The Court, at the end of the hearing, invited the parties to speak up to advise of any other issues with what the Court had just Ordered in open Court. Instead of disclosing that the account

had nowhere near that amount, Kazmi sat silent, knowing he and KRMS had no intention of complying with the Court's Order.

All this, despite KRSM's CPA's Consolidated Financial Statement, admitted into evidence that same day, representing that KRMS had *at least $30,000,000 in cash assets* as of the time of the statement, with no explanation of why it would not have anywhere near this amount as of now. The patently non-credible Syed Kazmi, who feigned not knowing anything about his business, offers no reason why even now, in response to the instant motion, he offers no explanation for violating the Court's Order other than excuses in how he interprets it.

At this point, Defendants' Opposition admits, as it must, that the M&T bank account balance is substantially below $2,750.000.00, *by approximately $2.2 million*. (ECF No. 45 at 3.) They offer no credible excuse for not funding it in the amount ordered by the Court – still, no sworn statements explaining their assets, or an explanation of their CPA's certification that they have $30,000,000 (or, what happened to these millions in a mere two years).

## II. ARGUMENT.

### A. Defendants' Failed to Raise any Funding Concerns at the August 27, 2026, Hearing.

Defendants argue they did not violate the Court's Order based on their twisted, self-serving interpretation of it. The Order's operative language is direct and precise: "Defendants shall maintain a balance of at least $2,750,000.00 in the M&T bank account identified in the Electronic Transfer Agreement between the parties with an account ending in 7805." (ECF No. 35.) According to Defendants, they did not disobey the Court's Order because, in their minds, it only "sets a floor[,]" and they are not required to deposit funds into the M&T bank account. (ECF No. 45 at 7.) Defendants never disclosed at the time this Court entered the Order that despite lifting and reselling nearly $4,000,000 of Plaintiff's gasoline, the account had nowhere near that amount

– something one would expect them to point out after hearing the Court's Order in open Court. After their silence in Court, and Kazmi feigning lack of knowing anything about his business, Defendants nonetheless now resort to clever after-the-fact word play in how they desire to self-servingly interpret the Court's Order.

The Court's Order commands Defendants to maintain a specified minimum balance in a specific account. Notably, at the August 27, 2026, hearing, the Court set forth its reasoning for the Order it memorialized in writing the next day. (Aug. 27, 2026, Hr'g Trans. at 168:17-177:6.) The Court stated in open court:

> So having commented on the fact that there –– that the scope of the dispute is narrowed by what the record here indisputably shows, the order that I will enter will require that a balance of 2,750,000 dollars be maintained in the account. That is substantially less than the amount that the plaintiff claims. It is also a greater discount than the amount that I think is legitimately in dispute here.

(*Id.* at 175:13-18.) At the time, Defendants did not object or otherwise raise any reservations about being required to have $2,750,000.00 in the M&T bank account. Indeed, the Court concluded the proceedings with: "Is there anything else that requires the attention of the Court?" (*Id.* at 176:21-22.) Defense counsel responded: "Nothing, Your Honor." (*Id.* at 176:24.) If Defendants did not have the funds to comply with the Court's Order at the time, they should have said so right then and there. Defendants also could have asked for a recess to check the M&T bank account's balance, but did not do that, either. They sat silent, likely smiling to themselves that they knew the Court's Order was already being violated, since they did not have anywhere near the $2.75 million in that account carefully measured and Ordered by the Court as striking the right balance for the Order it was entering.

Defendants should now be foreclosed from arguing that the Order is somehow vague or otherwise should not be complied with where they failed to raise any issue of the amount contained

in the Court's Order, patently failed to comply with the Court's pellucid Order, and to this day give no legitimate answer as to why they are not simply funding the account to the amount Ordered by the Court, nor explaining why they cannot do so—if that is the case – despite the nearly $4,000,000 worth of fuel they lifted from Mansfield's account and resold, and the $30,000,000 in cash assets in financial statements certified by their CPA.

**B. Defendants' Legal Arguments Are Meritless.**

Defendants also generally contend that the Court's August 28, 2026, Order is ambiguous and does not satisfy Rule 65(d) of the Federal Rules of Civil Procedure. (ECF No. 45 at 5-6.) However, the Court's Order identifies the M&T bank account, names the obligated parties (Defendants), and expressly commands that Defendants "shall maintain" $2,750,000.00 in the account. (ECF No. 35.). This is ***not*** ambiguous. And, again, if Defendants had any inkling that they could not satisfy the Order for financial reasons, or that they were confused by whether it was a mere "floor" despite the clear language, one would have expected Defendants to simply say so at the hearing when in the courtroom. Of course, they did not.

The bottom line is that Defendants now admit that which they could and should have easily disclosed to the court at the hearing -- the M&T bank account did not have $2,750,000.00 in it and it still does not. Thus, Defendants admit that they have and continue to violate the Court's requirement that it satisfy the operative balance obligation. If their excuse is that they do not have the money, at a minimum, one would expect verified financial statements with affidavits offering that to the Court. The absence of such transparency is telling.

**III. <u>CONCLUSION.</u>**

For the foregoing reasons, and those set forth in Mansfield's Opening Brief (ECF No. 37), Mansfield respectfully requests that the Court enter its proposed Order to Show Cause, set the

matter for a hearing at the earliest date available, and, upon hearing, hold Defendants in civil contempt and grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 22, 2026

HARRITON & FURRER, LLP

/s/ Urs Broderick Furrer
URS BRODERICK FURRER, ESQ.
Attorneys for Plaintiff
83 Wooster Heights Road, Suite 125
Danbury, Connecticut 06810
(914) 730-3400
UBFurrer@HFLawLLP.com
PA Bar # 312832

/s/ Frederick P. Santarelli
FREDERICK P. SANTARELLI
KYLE M. ELLIOTT
ELLIOTT GREENLEAF, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
215.977.1000 (phone)
FPSantarelli@elliottgreenleaf.com
kme@elliottgreenleaf.com

*Counsel for Plaintiff Mansfield Oil Company of Gainesville, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record *via* the Court's electronic filing system.

*/s/ Frederick P. Santarelli*
FREDERICK P. SANTARELLI

Dated: September 22, 2026