**TONER LAW GROUP, PLLC**
By: Paul J. Toner, Esquire (Atty. I.D. 94185)
Michael P. McIlhinney, Esquire (Atty. I.D. 93246)
Kilian C. Teschko, Esquire (Atty. I.D. 332358)
One Penn Square West
30 S 15th Street, Suite 1601
Philadelphia, PA 19102
T. 215.282.8525
E. paul@tonerlaw.com *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY OF GAINESVILLE, INC., | : | |
| Plaintiff, | : | Civil Action No. 2:26-cv-06072-GAM |
| v. | : | |
| KRSM INC. and SYED KAZMI, et al. | : | |
| Defendants. | : | |

**DEFENDANT KRSM INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH THIRD-PARTY SUBPOENAS (ECF NO. 51)**

Defendant KRSM Inc. ("KRSM") submits this Reply in further support of its Motion to Quash Third-Party Subpoenas, Impose Proposed Protective Order and Award Sanctions (ECF No. 51, the "Motion").

Mansfield built its entire Opposition on a single premise that no subpoena had been served. It told the Court that none of the September 17 subpoenas had been served or was in process, that "no compliance date is running," and that "no person is burdened," so there was "nothing to quash." (*See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Quash (ECF No. 55) at 12). On that premise it asked the Court to "confirm that Plaintiff may serve the September 17, 2026 subpoenas." (ECF No. 55 at 31). That premise is no longer true.

Two days after filing the Opposition, on October 1, 2026, Mansfield served the September 17 subpoena on Freedom Fuel Network LLC through the entity's registered agent in Wilmington, Delaware. A copy of the September 17, 2026 Subpoena and Service of Process Transmittal Summary is attached hereto as **Exhibit "A"**. It is the same paper Mansfield's counsel signed and issued on September 17, 2026, and its compliance date, on its face, is October 9, 2026. Mansfield told no one, although its counsel had promised in writing that "[a]fter the subpoenas are served, we'll let you know." (ECF No. 55 at 11). A subpoena has now been served, its compliance clock is running, and the Motion is ripe for decision on the grounds KRSM has raised from the start.

**I. The September 17 subpoenas have now been served, which disposes of Plaintiff's threshold premise.**

KRSM accepts Mansfield's sworn representation that, as of September 28, 2026, no September 17 subpoena had yet been served, and corrects its Motion accordingly. (ECF No. 55 at 1). KRSM had a reasonable basis for its earlier understanding, because a party that wrote "we are re-serving those subpoenas," then wrote that there was "no reason to delay any further in serving" them, and had already served a first round once, appeared to be serving. In any event, the service-date dispute is now resolved by Mansfield's own conduct, because Mansfield has served. (*See* ECF 51-1).

That service answers the Opposition on its own terms. Mansfield argued that there was "nothing to quash" and that "no person is subject to any subpoena," so that no relief and no fee could issue "for burdens borne by no one." (ECF No. 55 at 12, 30). A served subpoena now exists, a recipient is now commanded to produce, and the ripeness and no-burden defenses fall with the premise that produced them.

The service also confirms the burden the Motion identified, because the subpoena allows no reasonable time to comply. On a timely motion, the Court "must quash or modify" a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45. A person commanded to produce documents may serve objections, and that objection "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Id. By serving a two-week-old subpoena on October 1 without moving its October 9 compliance date, Mansfield gave the recipient eight days to retain counsel, object, move for relief, and gather and produce everything Schedule A demands. *See* Ex. A at 2. Two days after telling the Court that "no compliance date is running," Mansfield started one that is itself a ground to quash.

Mansfield also had a duty to tell the Court of the service and did not. Counsel have a "continuing duty to inform the Court of any development which may conceivably affect the outcome" of a matter. Bd. of License Comm'rs of Town of Tiverton v. Pastore, 469 U.S. 238, 240 (1985). Serving the very subpoena this Motion challenges, two days after representing that nothing was served, is such a development, and the Court should hold Mansfield to the record it made.

**II. KRSM has standing, as its Motion showed and as Plaintiff's own authorities confirm.**

Mansfield argues that KRSM cannot speak for the subpoena recipients. (ECF No. 55 at 13). KRSM does not assert the recipients' interests, it asserts only its own. A party may challenge a subpoena to a non-party where it "claims some personal right or privilege in respect to the subject matter." First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013); *see also* Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001). KRSM asserts its attorney-client privilege and work-product protection over the materials sought by the litigation-file requests, as explained in Section III, and Rule 45(d)(3)(B) protects "a person

subject to or affected by a subpoena," not merely the subpoena recipient. (ECF No. 55 at 14.) The bank records demanded are records of the account KRSM designated to Mansfield and uses in its business, and "[p]ersonal rights claimed with respect to bank account records give a party sufficient standing to challenge third-party subpoenas served upon financial institutions holding such information." ITOCHU Int'l, Inc. v. Devon Robotics, LLC, 303 F.R.D. 229, 232 (E.D. Pa. 2014); *see also* Wm. T. Thompson Co. v. Gen. Nutrition Corp., 671 F.2d 100, 103 (3d Cir. 1982).

Mansfield's own conduct regarding the account defeats its standing objection. Mansfield restrained the account ending 7805 as security against KRSM, and has known since at least September 3 that the bank holds it in the name of a non-party entity, yet it maintains the restraint. Mansfield cannot treat the account as KRSM's when it wants security and as a stranger's when KRSM asks to be heard about it. KRSM designated the account to Mansfield and uses it for its ordinary business, (ECF No. 55 at 6) and the right to be heard follows from that designation and use. ITOCHU Int'l, Inc. v. Devon Robotics, LLC, 303 F.R.D. 229, 232 (E.D. Pa. 2014).

To the extent Mansfield argues that Rule 45 precludes relief, Rule 26(c) provides an independent basis for a protective order, which the Motion also sought. Unlike Rule 45, Rule 26(c) grants nonproducing parties standing to move for a protective order, and Rule 26's authorization of a motion by "a party" "has been interpreted to provide standing for a party to contest discovery sought from third parties." Doe v. Princeton Univ., 349 F.R.D. 92 (D.N.J. 2025). This Court drew the same distinction in Thomas v. Marina Assocs., 202 F.R.D. 433 (E.D. Pa. 2001), treating protective-order standing as "something entirely different" from Rule 45 quash standing, and a party may invoke Rule 26(c) "to protect itself from annoyance, harassment, oppression, or undue burden or expense." Id. at 435. Mansfield's own lead case is in

accord, because in Talentscale, Inc. v. Aery Aviation, LLC, 802 F. Supp. 3d 1370 (N.D. Fla. 2025), the court denied relief only where the movant claimed no privilege or interest of its own, and rested its decision on a final "federal money judgment," which is the key that unlocks the discovery process authorized by Rule 69(a)(2). Id. at 1376, 1380-81. Mansfield holds no judgment.

### III. The litigation-file requests seek privileged material, and the answer is a privilege log, not a ruling that no protection exists.

As the Motion showed, the requests to Shamikh Kazmi (Requests 8 through 13) and Universal Property Services (Requests 6 and 7) are not, as Mansfield recasts them, a narrow inquiry into "provenance." (ECF No. 55 at 24). They command "all drafts, final versions, and all documents concerning the preparation and filing of" KRSM's court submissions, "the identity of everyone who drafted, reviewed, approved, or filed them," "all communications with Mr. Gossett," and "all documents concerning his engagement or payment." (ECF No. 51-1 at 10). That file contains the materials underlying the defense of this case, and its protection does not depend on bar membership. Rule 26(b)(3)(A) protects materials "prepared in anticipation of litigation or for trial by or for another party or its representative," including a party's "attorney, consultant, surety, indemnitor, insurer, or agent." Fed. R. Civ. P. 26. A demand for everything "concerning" the preparation of a party's filings reaches the "selection and compilation" that is opinion work product, which is "accorded an almost absolute protection from discovery." Sporck v. Peil, 759 F.2d 312, 316 (3d Cir. 1985).

Because the requests reach that protected material, Rule 45 "requires" the Court to "quash or modify" a subpoena that "[r]equires disclosure of privileged or other protected matter, if no exception or waiver applies," and a subpoena that does not exclude such material must be

quashed or modified. Dommel Props., LLC v. Jonestown Bank & Tr. Co., No. 1:11-CV-02316, 2013 WL 12241978 (M.D. Pa. June 13, 2013). These requests contain no carve-out.

Mansfield's waiver and crime-fraud answers do not change anything. Work product is not waived by sharing material with a non-adversary, because "a disclosure to a third party does not necessarily waive the protection" of the doctrine, and waiver occurs only where "the disclosure must enable an adversary to gain access to the information." Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1428 (3d Cir. 1991). Communications within the circle of a client and its representatives are "in confidence" and are protected "from compelled disclosure to persons outside the joint representation," and the privilege "extends beyond the attorney" to a client's agents. In re Teleglobe Commc'ns Corp., 493 F.3d 345, 363 (3d Cir. 2007); Northwood Nursing & Convalescent Home, Inc. v. Cont'l Ins. Co., 161 F.R.D. 293, 297 (E.D. Pa. 1995). At-issue waiver requires a party to assert a claim or defense and attempt to prove that claim or defense by disclosing or describing an attorney client communication, and KRSM relies on no such advice. Northwood Nursing & Convalescent Home, Inc., 161 F.R.D. at 298. The crime-fraud exception requires a prima facie showing as to the particular communications, which the Opposition does not attempt. In re Grand Jury, 705 F.3d 133, 151 (3d Cir. 2012).

## IV. The subpoenas seek an impermissible pre-judgment inventory of assets, and no prior ruling has approved them.

The Motion showed that the entity and account requests reach far past the fuel at issue. They command each recipient's "formation and ownership documents," "the source of Your initial capitalization," its "general ledger, accounts-payable and accounts-receivable ledgers, and bank reconciliations," and "every bank account" it holds, and, from M&T, "every other deposit, checking, savings, money-market, or investment account" of any "Kazmi Party," every "loan,

line of credit, and credit card" with the "financial statements submitted to obtain them," and every "safe-deposit box." (ECF No. 51-1 at p. 12). Non-party discovery is measured by a more demanding standard, because "a non-party to litigation is afforded greater protection from discovery than a party," and "[t]he standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." Columbus Life Ins. Co. v. Wilmington Tr., N.A., 344 F.R.D. 207, 215 (D.N.J. 2023). In applying Rules 26 and 45, the Court balances "(1) relevance, (2) need, (3) confidentiality, and (4) harm," and "even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 383 (E.D. Pa. 2013). As the Motion explained, the Supreme Court held that "a general creditor (one without a judgment) had no cognizable interest, either at law or in equity, in the property of his debtor," and discovery of assets and financial condition is a post-judgment tool available "[i]n aid of the judgment or execution." Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc., 527 U.S. 308, 319-20 (1999); Fed. R. Civ. P. 69. Mansfield remains a creditor without a judgment.

Mansfield answers that the Court has already approved this discovery through a footnote in the Scheduling Order and its remarks at the August 27 hearing, but neither did so. The Court's statement that it could "discern no reason to stage or limit discovery" declined to enter a categorical scope order, and did not adjudicate the relevance or proportionality of any particular request, none of which had been propounded when the order issued. The hearing findings do not bind the scope of discovery either, because a preliminary injunction "is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits," and "the findings of fact and conclusions of law made by a court granting a

preliminary injunction are not binding at trial on the merits." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). The law-of-the-case doctrine "does not prohibit courts from revisiting matters that are avowedly preliminary or tentative," and does not require a court to follow a prior ruling on likelihood of success. Council of Alternative Pol. Parties v. Hooks, 179 F.3d 64, 69 (3d Cir. 1999); Am. C.L. Union v. Mukasey, 534 F.3d 181 (3d Cir. 2008). The ruling Mansfield invokes, that this case falls within the exception to Grupo Mexicano, is itself the subject of a pending appeal.

**V. Relief.**

The Motion sought to quash or modify the subpoenas, to enter a protective order under Rule 26(c), and to award the fees KRSM incurred, and KRSM continues to seek that relief, adjusted for what the October 1 service made necessary. Paragraph 3 of the original proposed order, the prospective bar on future third-party discovery, is withdrawn, which answers the overbreadth the Opposition identified. (ECF No. 55 at 27) The categories KRSM has always conceded as proper, namely the terminal loading data, the two payment-related M&T requests, and the carriers' anti-spoliation request, go forward. The remainder should be quashed or modified to those categories, with the litigation-file demands removed.

Given the October 1 service, KRSM asks the Court to stay compliance with every served September 17 subpoena until the Motion is decided, to require Mansfield to notify every served recipient of the stay in writing, and to require Mansfield to state on the record which of the seven September 17 subpoenas have been served or sent for service and when. Any recipient's confidentiality concerns, once served, remain the recipient's to raise.

**CONCLUSION**

Mansfield told the Court that nothing was served, and two days later served a subpoena its own counsel had signed and issued on September 17, while saying nothing as the eight-day compliance period it created ran. Their latest action simply corroborates their apparat disregard of the Rules of Civil Procedures and the inherent safeguards contained therein. KRSM respectfully requests that the Court treat the Motion, as a request for a protective order under Rule 26(c), stay compliance with every served September 17 subpoena with notice to every served recipient, quash the subpoena served on October 1 or modify it as the revised proposed order provides, quash or modify the litigation-file and asset-inventory requests, decline to confirm an unrestricted right to serve the subpoenas as written, and grant such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Paul J. Toner, Esq.

Paul J. Toner, Esquire
TONER LAW GROUP, PLLC
One Penn Square West
30 South 15th Street, Suite 1601
Philadelphia, Pennsylvania 19102
(215) 282-8525
paul@tonerlaw.com
*Counsel for Defendants*
*KRSM Inc. and Syed Kazmi*

Date: October 9, 2026

**TONER LAW GROUP, PLLC**
By: Paul J. Toner, Esquire (Atty. I.D. 94185)
Michael P. McIlhinney, Esquire (Atty. I.D. 93246)
Kilian C. Teschko, Esquire (Atty. I.D. 332358)
One Penn Square West
30 S 15th Street, Suite 1601
Philadelphia, PA 19102
T. 215.282.8525
E. paul@tonerlaw.com *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY OF GAINESVILLE, INC., | : | |
| Plaintiff, | : | Civil Action No. 2:26-cv-06072-GAM |
| v. | : | |
| KRSM INC. and SYED KAZMI, et al. | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I certify that on the date set forth below I caused a true and correct copy of the foregoing Defendant's Reply in Support of its Motion to Quash to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and to be served by electronic mail upon Urs Broderick Furrer, Esquire, Harriton & Furrer, LLP, UBFurrer@HFLawLLP.com; Frederick P. Santarelli, Esquire, Elliott Greenleaf, P.C., FPSantarelli@elliottgreenleaf.com; and Kyle M. Elliott, Esquire, Elliott Greenleaf, P.C., kme@elliottgreenleaf.com, counsel for Plaintiff.

Respectfully submitted,

/s/ Paul J. Toner, Esq.

Paul J. Toner, Esquire
TONER LAW GROUP, PLLC
One Penn Square West
30 South 15th Street, Suite 1601
Philadelphia, Pennsylvania 19102
(215) 282-8525
paul@tonerlaw.com
*Counsel for Defendants*
*KRSM Inc. and Syed Kazmi*

Date: October 9, 2026