**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**MANSFIELD OIL COMPANY OF GAINESVILLE, INC.,**

**Plaintiff,**

**v.**

**KRSM INC., SYED KAZMI, SHAMIKH KAZMI, UNIVERSAL PROPERTY SERVICES, INC., UNIVERSAL GROUP COMPANY, INC. UNIVERSAL GROUP COMPANY LEASEHOLDS, INC., and UNIVERSAL GROUP COMPANY 1636 HOLDINGS, INC.,**

**Defendants.**

**Civil Case No.: 2:26-cv-06072-GAM**

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT KRSM INC.'S MOTION TO QUASH THIRD-PARTY SUBPOENAS (ECF NO. 51)**

Plaintiff Mansfield Oil Company of Gainesville, Inc. ("Mansfield") submits this Sur-Reply, to address three matters raised for the first time in KRSM Inc.'s Reply (ECF No. 57): the October 1, 2026 service of the Freedom Fuel Network subpoena; KRSM's new reliance on Rule 26(c); and the new relief KRSM requests. Mansfield does not repeat its Opposition (ECF No. 55) and refers the Court to it where the Reply simply restates the Motion.

## PRELIMINARY STATEMENT

The Reply changes nothing except the identity of the subpoena KRSM now asks the Court to quash. KRSM withdraws the factual premise on which its Motion and its Local Rule 26.1(f) certification were built, concedes that no subpoena had been served when it filed, and then treats Mansfield's subsequent service of one subpoena, on a recipient KRSM admittedly does not

represent, as a ground to quash it. It is not. KRSM remains the sole movant. It is not non-party Freedom Fuel Network LLC, it is not Defendant Shamikh Kazmi, and it is not Defendant Universal Group Company, Inc., the titled holder of the M&T Bank account ending 7805. A party that asserts no personal right or privilege of its own in a non-party's records has no standing to litigate the recipient's time to comply, the recipient's burden, or the recipient's confidentiality, and KRSM's own counsel has confirmed that he does not speak for any recipient. (ECF No. 55 at 14; ECF No. 55-8 F. Santarelli Decl. ¶¶ 8, 10.) The Motion should be denied.

## I. Service of the Freedom Fuel Network subpoena on October 1 was disclosed in advance, was not a misrepresentation, and supplies no ground KRSM may invoke.

### A. Mansfield's Opposition said it would serve, and asked the Court to confirm it could do so.

KRSM now concedes that nothing had been served when it filed the Motion and that its contrary certification was wrong. (ECF No. 57 at 2.) What it calls a "development" the Court was not told of is what the Opposition announced on its face: that the subpoenas had not yet been served, that Mansfield intended to serve them, and that the Court should "confirm that Plaintiff may serve the September 17, 2026 subpoenas." (ECF No. 55 at 12, 31.) Mansfield's ounsel's September 18 e-mail, which KRSM itself placed in the record, said the same: there was "no reason to delay any further in serving" them. (ECF No. 51-1 at 75.) A party that is told, in a filed brief, that its adversary will serve subpoenas during the fact-discovery period the Court set cannot describe the service as concealed.

*Board of License Commissioners v. Pastore*, 469 U.S. 238 (1985), does not help KRSM. It concerned a development that mooted the case before the Supreme Court. Service of one subpoena, in the ordinary course of the discovery the Scheduling Order opened without limitation (ECF No. 46 ¶ 1 & n.1), does not change the outcome of this Motion; it changes only which of the

Opposition's grounds applies to which subpoena. Five of the seven subpoenas remain unserved, and as to them the Opposition's ripeness point stands exactly as written. (See Part V, below, for the service status of each.)

**B. Rule 45(d)(3)(A)(i) protects the recipient, and KRSM may not assert it.**

KRSM's only new argument is that the October 9 compliance date gave Freedom Fuel Network too little time. That objection belongs to Freedom Fuel Network. Rule 45(d)(3) exists "to protect a person subject to or affected by a subpoena," and the Rule 45(d)(2)(B) objection KRSM invokes is a right of a "person commanded to produce." Fed. R. Civ. P. 45(d)(2)(B), (d)(3). "Even if a defendant has standing generally to quash a subpoena, he still lacks standing to challenge a third-party subpoena based on undue burden because it is the third-party that faces the burden of production and not the defendant." *Green v. Cosby*, 314 F.R.D. 164, 173 (E.D. Pa. 2016)). The time for a party to comply is a recipient's burden in its purest form. Freedom Fuel Network is a commercial enterprise with its own counsel, who contacted defense counsel about the first-round subpoena in September (ECF No. 51 at 8), and it knows how to serve a Rule 45(d)(2)(B) objection or move under Rule 45(d)(3) if it wishes. As of this filing, Freedom Fuel Network has not served any objections. To the contrary, it requested additional time to comply, which request was granted.[1]

Further, where the recipient "has not challenged the subpoena," that silence "weighs in favor of finding that the request is not overly burdensome." *Robert T. Houser & Neurobridge, LLC v. Powerdot, Inc. & Therabody, Inc.*, Civ. No. 1:22-MC-836, 2024 U.S. Dist. LEXIS 110333, *15

---

[1] Counsel for FFN, Reginald L. Harris, Esq., called the undersigned on October 9, 2026, and, following his call, sent the undersigned a letter confirming a two week extension and that, if additional time was needed Mr. Harris and the undersigned would discuss it. A copy of the undersigned's email exchange with Mr. Harris is annexed hereto as **Exhibit A**. Counsel for the Defendants was advised of this extension by email dated October 12, 2026, a copy of which is annexed hereto as **Exhibit B**.

(M.D. Pa. Jun. 24, 2024).

The argument is also one KRSM never made before. The October 9, 2026 return date appeared on the face of the subpoena KRSM received with Rule 45(a)(4) notice on September 17. (ECF No. 51-1 at 6–61.) KRSM's September 21 request-by-request objection letter identified two purported "facial defects" in the subpoenas, a 9:30 p.m. production time and a misspelled carrier name, and said nothing about the return date. (ECF No. 51-1 at 94.) Neither did the Motion. An objection that a party with full notice of the subpoena did not think worth raising for three weeks is not a defect the Rule makes mandatory on that party's motion. And improper or late service is not among the grounds on which Rule 45(d)(3) permits a party to quash. *Houser*, 2024 U.S. Dist. LEXIS 110333, at 9–10 ("Rule 45(d)(3)(A) gives a limited number of technical defects for which a court may quash a subpoena," and "improper service is not grounds for quashing a subpoena").

## II. KRSM, the sole movant, has no standing as to the Shamikh Kazmi subpoena or the Universal Group Company account records.

The Reply confirms, rather than cures, the standing defect identified in the Opposition (ECF No. 55, Part III.B). KRSM says it "asserts only its own" interests. (ECF No. 57 at 3.) Measured by that concession, the Motion is confined to two things: a privilege KRSM claims in material held by Shamikh Kazmi, and a "personal right" KRSM claims in the records of an M&T Bank account owned by another party which has not yet been served. Neither survives KRSM's own filings.

First, Shamikh Kazmi is not KRSM. The Reply is signed on behalf of "KRSM Inc. and Syed Kazmi" only (ECF No. 57 at 9), and Mr. Toner confirmed on September 21 that he does not represent the subpoena recipients and was not objecting on their behalf. (ECF No. 55-8 F. Santarelli Decl. ¶¶ 8, 10.) Whatever burden, confidentiality, or scope objection Shamikh Kazmi may have to Requests 1 through 7 of his subpoena, or to its Relevant Period, is his to raise, and he

has raised none.[2] KRSM's only cognizable interest is the privilege it claims in Requests 8 through 13, addressed in Part IV below; as to everything else in that subpoena, KRSM has no standing, and the Motion should be denied without reaching the merits. *Houser*, 2024 U.S. Dist. LEXIS 110333, at 8 (standing exception reaches only a party's own "privilege or privacy interest in the subpoenaed information")*; PNC Equip. Fin., LLC v. Mariani*, 2021 U.S. Dist. Lexis 170416, *5 (D.N.J. Sept. 8, 2021) ("Ordinarily, only the non-party who was served with a subpoena may move to have it quashed") (citation and quotation omitted).

KRSM's Reply states that the bank holds the restrained account "in the name of a non-party entity." (ECF No. 57 at 4.) That is KRSM's admission, and it ends the inquiry. The cases KRSM cites recognize a personal right in a party's *own* bank records. *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014); *Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 671 F.2d 100, 103 (3d Cir. 1982). None recognizes a party's right to suppress a different entity's records because the party "uses" that entity's account. If the account is Universal Group Company, Inc.'s, as M&T has advised and KRSM now asserts, then the personal right in its records belongs to Universal Group Company, Inc., a subpoena recipient that has not objected. If the account is KRSM's, as KRSM represented when it designated the account to Mansfield in the EFT Authorization, then its records are core merits discovery into the account KRSM placed at the center of the parties' dealings. (ECF No. 55 at 15.) KRSM told this Court in the Rule 26(f) Report that it "take no position" on the name on the account. (ECF No. 42 at 5.) A movant that will not claim the account cannot claim its records.

---

[2] As of the date hereof, Shamikh Kazmi continues to dodge service of the First Amended Complaint and the Subpoena to him. According to the process server, Shamikh Kazmi cannot be located at any of the addresses set forth in the various formation documents for the related entities with some of those addresses being vacant lots, and others personal residences of people who say they never heard of him.

KRSM's "both ways" argument (ECF No. 57 at 4.) inverts the record. Mansfield did not restrain the account because it is KRSM's property; the Court restrained it, after a hearing, because KRSM designated it to Mansfield for payment and its principal is a signatory, and the Court ordered KRSM to maintain a floor in it. (ECF No. 35.) The discrepancy between KRSM's designation of the account as its own and the bank's titling of it to a non-party is not a reason to shield the account's records; it is a principal reason they are discoverable, and it is now pleaded as such. (ECF No. 52 ¶ 9.) The same is true of the remaining M&T requests for other accounts, loans, and financial statements of the "Kazmi Parties." To the extent any such record is KRSM's own, the Opposition explains why it is relevant on the merits (ECF No. 55, Part III.D); to the extent it is anyone else's, KRSM has no standing to object. *Houser* requires a "factual showing," not "boilerplate objections," before a party may claim a personal right in records held by a third party. 2024 U.S. Dist. LEXIS 110333, at 8–9. KRSM has filed no declaration identifying a single account it holds at M&T.

**III. Recasting the Motion as a Rule 26(c) request does not supply the showing Rule 26(c) requires.**

KRSM now asks the Court to "treat the Motion" as one for a protective order under Rule 26(c). (ECF No. 57 at 4, 9.) The Motion's caption used the words, but its memorandum argued only Rule 45, and its proposed order was a quash order plus the prospective discovery bar KRSM has now withdrawn. A court will not construe a motion to quash as a protective-order motion where "there were no arguments regarding a protective order in the motion or brief in support." *Houser*, 2024 U.S. Dist. LEXIS 110333, at 1 n.1.

The relabeling would not matter in any event, because Rule 26(c) has its own requirements and KRSM meets none of them. First, the Rule requires "good cause," established by "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."

*Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) ("[g]ood cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity."). KRSM has filed no declaration. Second, the injury must be KRSM's. Rule 26(c) protects the movant "from annoyance, embarrassment, oppression, or undue burden or expense," and KRSM, which produces nothing under any of these subpoenas, identifies no burden or expense of its own; the burden it describes is the recipients'. Third, Rule 26(c)(1) requires a certification that the movant "has in good faith conferred or attempted to confer" to resolve the dispute without court action. The only certification KRSM filed rested on the assertion that Mansfield had "served the subpoenas notwithstanding KRSM's request that service be held," an assertion KRSM now withdraws. (ECF No. 51 at 21; ECF No. 57 at 2; *see* ECF No. 55 at 29–30.)

KRSM's own authorities draw the line Mansfield has drawn. *Thomas v. Marina Associates*, 202 F.R.D. 433, 435 (E.D. Pa. 2001), distinguishes protective-order standing from quash standing precisely because Rule 26(c) protects the *party* from burdens on the *party*. And in *Talentscale*, the court denied relief because the movant claimed no privilege or interest of its own ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought" (citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice And Procedure* § 2459 at 435 (3d ed. 2008)), not because the plaintiff lacked a judgment. (ECF No. 55 at 14–15.)

The Opposition has already addressed KRSM's remaining *Grupo Mexicano* argument and the Scheduling Order (ECF No. 55, Part III.D iv); Mansfield notes only that a pending appeal of

the preliminary-injunction order does not stay the order, does not stay discovery, and does not narrow Rule 26(b)(1), which measures relevance by the claims and defenses pleaded. Those claims now include voidable-transfer and fraud counts against the entities whose formation, ownership, capitalization, and transfers the subpoenas address. (ECF No. 52, Counts VI–VII.)

**IV. The Reply concedes the privilege point: a privilege log, prepared by the recipient, is the remedy, and no basis exists to quash.**

KRSM's Reply's own heading states that "the answer is a privilege log, not a ruling that no protection exists." (ECF No. 57 at 5.) Mansfield agrees, and said so in the Opposition: each Schedule A instructs the recipient to log any document withheld under a claim of privilege, in the form Rule 45(e)(2)(A) prescribes. (ECF No. 55 at 27; ECF No. 51-1 at 14, Instruction 4.) There is therefore no dispute for the Court to resolve. A log is prepared by a "person withholding subpoenaed information," Fed. R. Civ. P. 45(e)(2)(A), which is the recipient, and the Court rules on particular documents, if and when a dispute over a log arises. What Rule 45(d)(3)(A)(iii) does not authorize is suppression in advance of an entire request because the movant asserts that some unidentified document within it might be protected. *Houser* is directly on point: the court declined to "reach such a broad conclusion without any factual record," observing that it was "possible" that some subpoenaed documents were privileged but that the movant had offered "only conclusory statements" and "no factual record showing these assertions to be true." 2024 U.S. Dist. LEXIS 110333, at *8–9.

The Reply's retreat from attorney-client privilege to work product confirms the point. KRSM no longer contends that the drafter of its filings was a lawyer; it argues that protection "does not depend on bar membership" because Rule 26(b)(3)(A) extends to a party's "consultant" or "agent." (ECF No. 57 at 5.) That argument requires a fact: that Shamikh Kazmi prepared the documents as KRSM's representative, in anticipation of litigation. The sworn record is to the

contrary, and KRSM has offered nothing to displace it. Mr. Gossett testified that the August 10 letter "was drafted by Mr. [Shamikh] Kazmi," whom he assumed to be a New Jersey attorney; the Court noted on the record that the attorney rolls of New Jersey and Pennsylvania do not list him; and KRSM has never identified him as an officer, employee, or engaged agent of KRSM.[3] (ECF No. 55 at 24–26; Hr'g Tr. 130–41.) *Frankford Trust Co. v. Advest, Inc.*, Civ. No. 93-329, 1996 U.S. Dist. LEXIS 14879 (E.D. Pa. 1996), places that burden on the party asserting protection, communication by communication. A party cannot meet it by declaring in a reply brief that the file "contains the materials underlying the defense."

Nor does work product reach what Requests 8 through 13 principally seek: the identity of who drafted, reviewed, approved, and filed identified documents, who used Mr. Gossett's CM/ECF credentials, and who controlled the legal@upssites.com mailbox. Those are facts about provenance, not documents prepared in anticipation of litigation, and the Reply does not argue otherwise. *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985), protects counsel's selection and mental impressions; it has nothing to say about whether a non-lawyer filed papers over a lawyer's signature. The Opposition addresses waiver, at-issue, and crime-fraud (ECF No. 55 at 25–26), and the Reply's answer on crime-fraud, that no prima facie showing has been "attempted," overlooks that the showing is the sworn hearing testimony the defense itself elicited. That question, too, is one for a log and a targeted review, not a motion to quash.

**V. Service status of the seven September 17, 2026 subpoenas.**

KRSM asks the Court to order Mansfield to state which subpoenas have been served. No order is needed. The status as of the date of this filing is as follows:

---

[3] Indeed, Mr. Kazmi could not, or would not, even answer if Shamikh Kazmi, his brother, and he were in business together.

| Recipient | Service status? | Date and method | Compliance date | Objection or response received |
|---|---|---|---|---|
| Freedom Fuel Network LLC | Yes | October 1, 2026, on registered agent, Wilmington, DE (ECF No. 57, Ex. A) | October 9, 2026 [extension of time to respond to October 23, 2026 granted] | |
| M&T Bank | Yes | October 1, 2026 | October 9, 2026 [extension of time to respond to October 26, 2026 granted] | |
| Shamikh Kazmi | No | | | |
| MR3 Logistics, LLC | No | | | |
| Windson Trucking, LLC | No | | | |
| Universal Group Company, Inc. | No | | | |
| Universal Property Services, Inc. | No | | | |

Mansfield will supplement this statement if any further subpoena is served while the Motion is pending.

**VI. The new relief requested in the Reply should be denied.**

The Reply withdraws paragraph 3 of KRSM's proposed order, the prospective bar on third-party discovery, and reaffirms that the terminal loading data, the two payment-related M&T requests, and the carriers' preservation request are proper. (ECF No. 57 at 8.) What remains is three new requests, none of which KRSM may make.

A stay of compliance with "every served September 17 subpoena" is relief for the recipient, requested by a party that produces nothing and does not represent the recipient. *Houser*, 2024 U.S. Dist. LEXIS 110333, at 8 (quoting Green*, 314 F.R.D. at 173). Freedom Fuel Network has requested an extension from Mansfield but has not submitted any motion or objection to this Court. An order requiring Mansfield to notify recipients of a stay presupposes a stay which was not sought in the original motion to quash.

The request for fees should also be denied with the Motion. Rule 45(d)(1) sanctions protect "a person subject to the subpoena" from undue burden or expense; no recipient has claimed any. Where the motion to quash is denied, the request for fees as a sanction falls with it. *Houser*, 2024 U.S. Dist. LEXIS 110333, at *8 n.4. And a fee request is an unusual request in a reply that withdraws the central factual assertion of the motion and of its Local Rule 26.1(f) certification. (*See* ECF No. 55 at 29–30.) Mansfield reserves its rights as to that certification, as stated in the Opposition.

**CONCLUSION**

For the reasons stated in the Opposition and above, Mansfield respectfully requests that the Court deny KRSM's Motion (ECF No. 51) in its entirety; decline to construe it as a motion under Rule 26(c); deny the stay, notice, and fee relief requested in the Reply; and confirm that Mansfield may serve the September 17, 2026 subpoenas, subject to each recipient's right to object under Rule 45(d)(2)(B) and to seek a reasonable confidentiality stipulation, which Mansfield remains prepared to negotiate with any recipient that so requests.. (ECF No. 55 at 27, 31.)

Dated: October __, 2026

Respectfully submitted,

*/s/ Urs Broderick Furrer*
Urs Broderick Furrer, Esq.
HARRITON & FURRER, LLP
Attorneys for Plaintiff
83 Wooster Heights Road, Suite 125
Danbury, Connecticut 06810
(914) 730-3400
UBFurrer@HFLawLLP.com
PA Bar # 312832

Frederick P. Santarelli
Kyle M. Elliott
ELLIOTT GREENLEAF, P.C.
Attorneys for Plaintiff

925 Harvest Drive, Suite 300
Blue Bell, Pennsylvania 19422
(215) 977-1024
FPSantarelli@elliottgreenleaf.com
kme@elliottgreenleaf.com

*Counsel for Plaintiff Mansfield Oil Company of Gainesville, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on October __, 2026, the foregoing Sur Reply in Further Opposition to Motion to Quash has been filed electronically and is available for viewing and downloading from the ECF System.

Dated: Danbury, Connecticut
October 21, 2026

/s/ Urs Broderick Furrer
Urs Broderick Furrer, Esquire