**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MANSFIELD OIL COMPANY OF GAINESVILLE, INC.** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-6072** |
| | : | |
| **KRSM INC., *et al.*** | : | |

**ORDER**

This 22nd day of October, 2026, it is hereby **ORDERED** that Defendants' Motion to Quash Third-Party Subpoenas, Impose Proposed Protective Order and Award Sanctions, ECF 51, is **GRANTED** in part and **DENIED** in part, as follows:

1. Defendants' request for sanctions is denied, as no sanctionable conduct has occurred.

2. As to the subpoena to Freedom Fuel Network, the motion is denied, as Defendants lack standing. *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014). To the extent that Defendants seek to invoke the exception for personal rights and privileges, *id.,* the evidence from the hearing on the temporary restraining order ("TRO") provides a reasonable basis to believe that Mansfield fuel was distributed through the Freedom Fuel Network, making evidence from the Freedom Fuel Network about its relationship with Kazmi entities relevant to this case. And even if Defendants had standing to seek a protective order and properly raised that issue, they have not shown good cause for a protective order under Rule 26(c).

3. As to the subpoenas to MR3 Logistics and Windson Trucking, the motion is denied, as Defendants lack standing, and to the extent that Defendants seek to invoke the exception for personal rights and privileges, the evidence from the hearing on the TRO provides a reasonable basis to believe that Mansfield fuel was distributed through these entities, making their records

relevant to this case. Even if Defendants had standing to seek a protective order and properly raised this issue, they have not shown good cause under Rule 26(c).

4. As to the subpoena to M&T Bank, the motion is granted in part, as follows: M&T Bank shall produce the requested records pertaining to the subject account but need not produce records of all Kazmi-associated accounts; provided, however that it shall produce records of transfers from the subject account to any Kazmi-associated account. Defendants' argument that the account is titled in the name of a third-party lacks merit, because Plaintiff was given a specific interest in the account as consideration for Defendants' ability to draw upon Mansfield's gasoline.

5. As to the subpoena to Shamikh Kazmi, the motion is denied, except that the motion is granted with respect to subpoena requests 8, 9, 10, 11, and 12. Mr. Kazmi is not obligated to produce these documents, because they pertain to or arise out of litigation preparation or his relationship with Attorney George Gossett. Defendants' argument that Freedom Fuel Network is an unrelated third-party lacks merit, because of evidence from the hearing on the TRO that Mansfield gasoline was sold at Freedom Fuel stations because of actions taken by Defendants.

6. As to the subpoenas to Universal Group Company and Universal Property Services, the motion is denied, except that a) only bank records pertaining to transfers from the subject account to Kazmi-related entities need be produced; and b) for the subpoena to Universal Property Services, the motion is granted with respect to subpoena requests 6 and 7 because they pertain to litigation preparation or Attorney Gossett, or are irrelevant. Defendants' argument that these are unrelated entities lacks merit considering that the account intended to protect Mansfield's interest is apparently titled in the name of Universal Group Company and further considering Syed

Kazmi's evasive testimony at the hearing on the TRO concerning his purported lack of knowledge about his role in the various companies through which he and his brother conduct business.

/s/ Gerald Austin McHugh
United States District Judge