**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MANSFIELD OIL COMPANY OF GAINESVILLE, INC.** | : | |
| **v.** | : | **CIVIL ACTION No. 26-6072** |
| **KRSM INC., *et al.*** | : | |

**ORDER**

This 22nd day of October, 2026, for the reasons that follow, it is hereby **ORDERED** that Plaintiff's Motion for Contempt, ECF 37, is **DENIED**.

The premise on which the Preliminary Injunction was entered was that Mansfield had an interest in the subject account, and Defendants conceded that payment was owed. In entering the Order, the Court assumed that it was adequately funded as required by the agreement between the parties, and that an order requiring a threshold minimum balance would preserve the status quo and was justified by the explicit terms of the agreement. With the account having fallen below the amount specified in the parties' agreement, a contempt sanction would require the Defendants to take affirmative steps involving the movement of assets, an order that would change rather than preserve the status quo. Such a sanction would risk violating the principles recognized by the Supreme Court in *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.,* 527 U.S. 308, 319-20 (1999), and exceed the equitable authority of the Court in the absence of a judgment.

/s/ Gerald Austin McHugh
United States District Judge