**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MANSFIELD OIL COMPANY OF GAINESVILLE, INC.** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-6072** |
| | : | |
| **KRSM INC., *et al.*** | : | |

**ORDER**

This 17th day of November, 2026, for the reasons that follow, it is hereby **ORDERED** that Defendants' Motion to Dismiss, ECF 56, is **DENIED**.

As a threshold matter, the Court's ability to evaluate the legal sufficiency and plausibility of Plaintiff's claims is enhanced by the evidence it heard related to the preliminary injunctive relief. Contrary to Defendants' representations, this is not a typical commercial dispute, notwithstanding the prior dealings between the parties.

As to Syed Kazmi, the two claims asserted against him personally are legally cognizable and plausibly pleaded.

As to KRSM Inc., on the unique facts of this case, the claim for conversion neither conflicts with the Uniform Commercial Code nor is barred by the gist of the action doctrine.

As to unjust enrichment, as this Court has previously held, it is properly pleaded as an alternative theory of recovery. *See, e.g.*, *V2 Life Sols., LLC v. Aesthetics Biomedical, Inc.*, No. 21-106, 2021 WL 859427, at *3-4 (E.D. Pa. Mar. 8, 2021).

As to the claim for an account stated, given the structure of the relationship between the parties, it is not duplicative of the claim for breach of contract.

As to Count VI, it is pleaded with sufficient specificity, and the contention that it is an improper attempt to freeze assets pre-judgment is adequately dealt with by the narrow scope of preliminary relief the Court has ordered.

As to the claim for fraudulent misrepresentation, it is adequately pleaded and the question of whether it conflicts with the parol evidence rule is not ripe for resolution at this stage of the case.

As to purportedly scandalous and immaterial allegations in the Complaint, the Court considers the facts recounted as providing potentially relevant context, without at this juncture addressing whether evidence of such facts would be admissible at trial.

As to punitive damages, the allegations are properly raised; whether such damages are warranted and recoverable requires further development of the record.

/s/ Gerald Austin McHugh
United States District Judge