**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY<br>OF GAINESVILLE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KRSM INC. and SYED KAZMI,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 2:26-cv-06072-GAM |

**ORDER**

AND NOW, this ____ day of ______________, 2026, upon consideration of the Motion of Defendants KRSM Inc. and Syed Kazmi for Clarification and Partial Reconsideration of the Order of November 17, 2026 (ECF 67), and any response, it is hereby ORDERED that the Motion is GRANTED and the order dated November 17, 2026 (ECF 67) is hereby VACATED. A new order will follow.

BY THE COURT:

______________________________
Gerald Austin McHugh
United States District Judge

**TONER LAW GROUP, PLLC**
By: Paul J. Toner, Esquire (Atty. I.D. 94185)
Michael P. McIlhinney, Esquire (Atty. I.D. 93246)
Kilian C. Teschko, Esquire (Atty. I.D. 332358)
One Penn Square West
30 S 15th Street, Suite 1601
Philadelphia, PA 19102
T. 215.282.8525
E. paul@tonerlaw.com *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY OF GAINESVILLE, INC., | : | |
| Plaintiff, | : | Civil Action No. 2:26-cv-06072-GAM |
| v. | : | |
| KRSM INC. and SYED KAZMI, Defendants. | : | |

**MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION FILED BY DEFENDANTS KRSM INC. AND SYED KAZMI OF THE ORDER DATED NOVEMBER 17, 2026 (ECF 67) TO DENY DEFENDANTS' MOTION TO DISMISS**

Defendants, KRSM Inc. and Syed Kazmi, respectfully move under Local Rule of Civil Procedure 7.1(g) and Federal Rule of Civil Procedure 54(b) for reconsideration and/or clarification of the Order of November 17, 2026 (ECF 67); and, for the reasons set forth in the Memorandum of Law filed contemporaneously herewith, request that the order dated November 17, 2026 be vacated.

/s/ Paul J. Toner
Paul J. Toner, Esquire
TONER LAW GROUP, PLLC
One Penn Square West
30 South 15th Street, Suite 1601
Philadelphia, PA 19102
T. (215) 282-8525
E. paul@tonerlaw.com
*Counsel for Defendants*
*Syed Kazmi and KRSM Inc*

**TONER LAW GROUP, PLLC**
By: Paul J. Toner, Esquire (Atty. I.D. 94185)
Michael P. McIlhinney, Esquire (Atty. I.D. 93246)
Kilian C. Teschko, Esquire (Atty. I.D. 332358)
One Penn Square West
30 S 15th Street, Suite 1601
Philadelphia, PA 19102
T. 215.282.8525
E. paul@tonerlaw.com *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MANSFIELD OIL COMPANY OF GAINESVILLE, INC., Plaintiff, | : | Civil Action No. 2:26-cv-06072-GAM |
| v. | : | |
| KRSM INC. and SYED KAZMI, Defendants. | : | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION**

**INTRODUCTION:**

Defendants KRSM Inc. and Syed Kazmi, respectfully request that the Court either grant Reconsideration or Clarify its order dated November 17, 2026 to deny Defendants' Motion to Dismiss. Defendants present three bases for reconsideration:

1. The Order states that the Court's evaluation of the complaint was "enhanced by the evidence it heard" at the preliminary injunction hearing. KRSM and Mr. Kazmi respectfully ask the Court to vacate the Order and decide the motion on the pleading.

2. The August 27 hearing was preliminary. Mansfield called Mr. Kazmi to the stand that day without notice and without records. His answers were unprepared, not evasive. KRSM and Mr. Kazmi ask that the hearing remain preliminary, and that no impression formed there take the place of the pleading standards and the evidence that govern the rest of this case.

3. The Order refers to "the two claims" against Mr. Kazmi personally. The complaint asserts three. That reference leaves it unclear whether Count VI was separately considered as to him. On the facts pleaded, Count VI does not state a claim against him as an individual.

**BACKGROUND:**

Mansfield sued on August 19, 2026. The Court held a hearing on preliminary relief on August 27, six days after service and before any discovery. Mansfield filed the First Amended Complaint ("Amended Complaint") on September 24. (ECF 52.) It added Count VI (voidable transfer) and Count VII (fraud). KRSM and Mr. Kazmi moved to dismiss Counts II and IV through VII. (ECF 56.) The Court denied the motion on November 17. (ECF 67.)

**ARGUMENT:**

The Court may revise an interlocutory order at any time before final judgment. Fed. R. Civ. P. 54(b). It may do so whenever that is "consonant with justice." State Nat'l Ins. Co. v. Cnty. of Camden, 824 F.3d 399, 406 (3d Cir. 2016) (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)). Reconsideration is also warranted where there is a "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

**A. The Court Erred in Relying on Testimony from a Preliminary Injunction Hearing in Ruling on a 12(b)(6) Motion to Dismiss**

Fundamentally, disputed testimony from a preliminary hearing cannot be used to expand the scope of averments set forth in the underlying pleadings.

As a matter of law, a Rule 12(b)(6) motion tests the complaint, its exhibits, and other materials properly considered at the pleading stage. When the Court expanded its scope of review to include matters outside of the pleadings, it, in effect, turned the 12(b)(6) Motion improperly into a Rule 56 Motion for Summary Judgment. If matters outside the pleadings are

"not excluded by the court, [then] the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Third Circuit Court of Appeals applied this rule in Bruni v. City of Pittsburgh, 824 F.3d 353 (3d Cir. 2016). There the district court held a preliminary injunction hearing and then ruled on a motion to dismiss. The Court of Appeals, in part, reversed the district court and held that the district court was "bound not to go beyond the facts alleged in the Complaint and the documents on which the claims made therein [are] based…." By reviewing facts outside the pleadings, the Third Circuit in Bruni reasoned that the district court has to convert the dispositive motion to a Motion for Summary Judgment and that it erred in granting a Motion to Dismiss at that stage. In relevant part, the Third Circuit recognized:

> "We have held that it is reversible error for a district court to convert a motion under Rule 12(b)(6) ... into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing."

Bruni v, 824 F.3d at 361(quoting Rose v. Bartle, 871 F.2d 331, 339–40 (3d Cir. 1989). In Bruni, the Third Circuit reversed because the ruling rested "not only upon the allegations in the Complaint but also, it appears, upon testimony" from the hearing. Id. at 360-61 (internal quotation marks omitted). Ultimately, the Third Circuit in Bruni vacated the order that had granted a motion to dismiss the plaintiff's First Amendment Claims. As recognized by the Third Circuit, "a grant of summary judgment for a defendant may be affirmed where there is no state of facts on which plaintiff could conceivably recover." Bruni, 824 F.3d at 362.

Here, the fact that the Court relied on factual matters outside the pleadings was revealed in the third line of order dated November 17, 2026. In relevant part, the Order provides: "As a threshold matter, the Court's ability to evaluate the legal sufficiency and plausibility of

Plaintiff's claims is ***enhanced by the evidence it heard related to the preliminary injunctive relief***." (ECF 67 at 1) (Emphasis added). Moreover, it is clear that the Court's reliance on facts outside the pleadings was necessary for it to grant the Motion. By means of example, Mansfield's answer on intent depends on the allegation that KRSM "knew" it had exceeded a $150,000 limit. (ECF 65 at 2; ECF 52 ¶¶ 34, 37.) The Amended Complaint attaches no document that states the limit and identifies no communication that conveyed it to KRSM. Mansfield's opposition did not point to a pleaded fact. It pointed to emails outside the pleading and said that "any amendment the Court might require on this point would not be futile." (ECF 65 at 4.) Without the hearing evidence and those emails, the allegation of knowledge has no pleaded fact behind it.

Under Bruni, where, as here, the District Court needed to rely on facts taken outside the pleadings, in the form a hearing testimony taken on a petition for preliminary junction, the District Court can only rely on those additional facts if it (i) converts the Motion to Dismiss into a Motion for Summary Judgment and (ii) affords the parties with an opportunity to submit materials admissible in a summary judgment proceeding. That clearly did not occur in this case. The Court commits reversable error when it grants a Motion to Dismiss based on record testimony from a preliminary injunction hearing, without affording the parties the opportunity to more fully develop a fact record sufficient to allow the Motion to Dismiss to be treated as a Motion for Summary Judgment. See also United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co., 839 F.3d 242, 250–251 (3d Cir. 2016) (holding that a District Court erred in considering evidence outside the pleadings on the 12(b)(6) motion converted it to summary judgment, and that doing so without notice or a reasonable opportunity to respond was error) and Winkleman v. New York Stock Exch., 445 F.2d 786, 788–789 (3d Cir. 1971) (reasoning that the

district court erred when it "quite apparently considered the testimony taken on the preliminary injunction hearing" and treated the motion as one under Rule 12(b)(6), when, by looking outside the pleadings, had in substance decided it under Rule 56 without giving a reasonable opportunity to present all material made pertinent to a motion for summary judgment).

Accordingly, Defendant KRSM and Defendant Kazmi respectfully request that the Court reconsider its ruling to the extent that hearing evidence or other material outside the pleading supplied support for any element of a challenged count. In the alternative, they request that the Court clarify that its ruling rests on the Amended Complaint and the materials properly considered under Rule 12(b)(6), that neither the hearing testimony nor the emails were necessary to sustain any challenged count, and that the Order makes no finding of fact.

**B. Mr. Kazmi's testimony at the Preliminary Injunction Hearing was not evasive, but rather was given without sufficient (or any) prior notice of the scope of detailed corporate records and data Mansfield would seek specific answer to**

Through this Honorable Court's Order dated November 17, 2026, the Court noted that its "ability to evaluate the legal sufficiency and plausibility of Plaintiff's claims is enhanced by the evidence it heard related to the preliminary injunctive relief" (ECF 67), which the Court had previously described as including "evasive" testimony by Mr. Kazmi. (ECF 62 ¶ 6.) Mr. Kazmi respectfully asks the Court to consider what happened that day and why.

KRSM and Mr. Kazmi do not ask the Court to forget the hearing. They ask that it remain what it was. The hearing addressed temporary relief on the original complaint, six days after service and before any discovery. Counts VI and VII had not been pleaded. Findings made on such a record "are not binding at trial on the merits." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). As recognized by the Supreme Court:

> [t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those

> positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits. In light of these considerations, it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits.

Camenisch, 451 U.S. at 395; *accord* Clark v. K-Mart Corp., 979 F.2d 965, 969 (3d Cir. 1992) (en banc). As recognized by the Third Circuit in Anderson v. Davila, 125 F.3d 148, 157–159 (3d Cir. 1997), a preliminary injunction hearing cannot be turned into a merits determination without "clear and unambiguous" notice "sufficient notice 'to enable them to present ***all their evidence***.'" Anderson v. Davila, 125 F.3d 148 at 157 (emphasis added).

***i. Defendants clearly did not have sufficient notice to present of all of their evidence.***

Mr. Kazmi came to court to attend the hearing, six days after service. No one had identified him as a witness. No one had told him he would testify, and no one had asked him to bring or review any corporate records. Mansfield called him to the stand in its own case. (Tr. 84:19.) His first words on the record were an apology for not wearing a jacket. (Tr. 84:20-21.) His counsel objected that he "hasn't been identified as a witness for today." (Tr. 88:18-21.) Mansfield did not dispute that. It answered that it had "no obligation" to identify him. (Tr. 88:22-23.)

***ii. Syed Kazmi was asked, from memory, for details that are kept in records.***

When questions on corporate matters that required detailed response to matters of corporate ownership, bank balances and financial statements, Defendant Kazmi did not guess or speculate. That was his responsibility as a corporate officer. At the injunction hearing, Plaintiff Mansfield had the burden of proof and it should not have been permitted to rely on a corporate officer's absence of detailed memory on corporate records that were neither before him nor part

of a pre-hearing notice for him to be prepared to discuss. The result was testimony at the injunction hearing that took the form of a corporate designee records deposition, but without the benefit of being presented with the actual records.

By means of example, at the injunction hearing, Mansfield asked for the balance in a corporate bank account that day, the names of KRSM's other principals and its accountant, the state of his ownership in three other companies, and figures from a 2023 financial statement. (Tr. 87:13-17; 89:7-10; 89:23-90:9; 92:7-21.) No record of any of these was put in front of him except the financial statement, and he was first asked to search that without a page number. (Tr. 96:25-97:12.) The Court directed counsel to give him the page. (Tr. 97:19-25.) He was under oath. He could not guess. Each time he did not know, he said so, and he said why: "I wasn't asked to look at those things before coming today"; "I was not told to look at the corporate bylaws before coming"; "I was not given this before today, so I did not review it." (Tr. 87:25-88:2; 89:8-10; 92:14-15.)

In such a context, the Court's finding of evasiveness was not justified or appropriate; and, more important for the purpose of a 12(b)(6) Motion to Dismiss, should not have been used as a substitute for clear deficiencies in the actual pleadings that should have been within the Court's limited scope of review.

*iii.* ***Where he had knowledge, he answered.***

He identified his signature on the credit agreement and on the payment authorization. (Tr. 85:14-86:3.) He said what KRSM does, where it operates, and what the bank account is used for. (Tr. 91:18-92:2; 98:22-25.) On the subjects of the hearing itself, the invoices, the pricing and the bank draft, he testified at length and in detail. (Tr. 100-106, 109-112, 121-122.) He explained that Mansfield's fuel representative offered fuel that Mansfield could bring in from anywhere in

the country at a lower price, that the price was to be set by a formula that Mansfield held and he did not, and that the prices billed were higher than the deal called for. (Tr. 103:3-12; 109:10-16; 110:14-17.) Mansfield's own witness testified that the price was a "formula that was agreed upon between Zach (ph.) and Syed," and that Mansfield billed the first invoices "off of our rack price, which was incorrect." (Tr. 64:16-17; 29:3-6.) He also testified that KRSM took issue with the price when the invoices were first sent, and that Mansfield went back and corrected them. (Tr. 30:9-15.) The Court found that Mansfield corrected its billing "in response to complaints from Mr. Kazmi," that "some blame can be attributed to Mansfield," and that Mansfield "was certainly eager to take advantage of the EPA exemption." (Tr. 172:8-10; 171:15-16; 175:8-9.)

That is the record of an unprepared witness, not an unwilling one. An evasive witness avoids questions he can answer. Mr. Kazmi answered the questions he could, and he told the Court plainly why he could not answer the others. He respectfully asks the Court not to treat answers given without notice and without records as evasion, or as a general finding about his credibility or about his intent in the transactions later alleged in the Amended Complaint. Whatever view the Court takes of particular answers, a witness's inability to recall records without preparation is not a finding that he made a fraudulent representation or directed a voidable transfer. Those are the claims pleaded against him after that hearing.

In the end, KRSM and Mr. Kazmi do not ask the Court to disregard the hearing for all purposes, just when considering a 12(b)(6) Motion based on deficiencies in the pleadings. Three uses should be kept apart. In managing discovery, the Court may consider what it heard in deciding what is relevant and proportional. At trial, evidence received at the hearing that would be admissible becomes part of the record. Fed. R. Civ. P. 65(a)(2). On a Rule 12(b)(6) motion, however, hearing testimony cannot supply facts that the Amended Complaint does not plead.

And at no stage does a preliminary finding, or a preliminary view of a witness, become settled fact. Camenisch, 451 U.S. at 395; Clark, 979 F.2d at 969. The objection here is limited to those last two uses. KRSM and Mr. Kazmi respectfully ask that the hearing remain preliminary, and they preserve this objection.

**C. The Order leaves unclear whether Count VI was considered as to Mr. Kazmi, and the Amended Complaint does not state that claim against him.**

The Order upholds "the two claims asserted against him personally." (ECF 67 at 1.) The Amended Complaint asserts three: Counts V and VII by name, and Count VI against all Defendants. (ECF 52 ¶¶ 103, 118, 128.) The Order therefore leaves unclear whether Count VI was considered as to Mr. Kazmi.

It should not stand against him. A money judgment under the voidable transfer statute runs only against "the first transferee of the asset or the person for whose benefit the transfer was made," or a later transferee. 12 Pa. C.S. § 5108(b)(1). The Amended Complaint's only transferee allegation is made against all Defendants together, "upon information and belief." (ECF 52 ¶ 124.) Its only allegation specific to Mr. Kazmi is that he "orchestrated, directed, and participated in" the transfers. (*Id.* ¶ 125.) It identifies no asset he received and no benefit that any identified transfer conferred on him. Directing a company's affairs is not receiving its property. Count VI should be dismissed as to Mr. Kazmi. At a minimum, the claim for a money judgment against him under § 5108(b)(1) should be dismissed.

**CONCLUSION**

For these reasons, Defendants KRSM and Mr. Kazmi respectfully request that the Court (1) grant reconsideration, vacate the Order of November 17, 2026 (ECF 67), and limit its scope of review to the Amended Complaint and the materials properly considered under Rule 12(b)(6); (2) disregard any findings made in connection with preliminary relief in deciding the Motion to Dismiss; and (3) clarify whether Count VI stands against Mr. Kazmi personally, and dismiss that count as to him or, at a minimum, the claim for a money judgment against him. Defendants expressly preserve all other arguments set forth in their Motion to Dismiss, including those directed to Counts V and VII.

Respectfully submitted,

/s/ Paul J. Toner

Paul J. Toner, Esquire
TONER LAW GROUP, PLLC
One Penn Square West
30 South 15th Street, Suite 1601
Philadelphia, PA 19102
T. (215) 282-8525
E. paul@tonerlaw.com
*Counsel for Defendants*
*Syed Kazmi and KRSM Inc.*

Dated: November 23, 2026

**CERTIFICATE OF SERVICE**

I certify that on this date the foregoing Motion for Clarification and Partial Reconsideration, with its Memorandum of Law and proposed Order, was filed through the Court's CM/ECF system, which will send notice to all counsel of record.

/s/ Paul J. Toner
Paul J. Toner, Esquire

Dated: November 23, 2026